Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Brieanne Scully (BS 3711)
bscully@ipcounselors.com
Danielle S. Yamali (DY 4228)
dfutterman@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone:     (212) 292-5390
Facsimile:     (212) 292-5391
*Attorneys for Plaintiff*
*POOF-Slinky, LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| POOF-SLINKY, LLC, <br><br> *Plaintiff* <br><br> v. <br><br> A.S. PLASTIC TOYS CO., LTD., ALI FASHIONING TOY STORE, ALI-DREAM TOY STORE, ALI-JETTING TOY STORE, AMY & BENTON TOYS AND GIFTS CO., LTD., BABY SHOPPING EMM STORE, BABY TOY CITY STORE, BABY'S CENTER STORE, BABY-TOY WORLD STORE, BALA BABY FIRST, BAOCHENYI STORE, BB2019 STORE, BEAUTY & ATTRACTION, BELIEVE-FLY TRADING (TOYS) CO., LTD. SHANTOU, BETTER SHOP,BETTER LIFE, BILIDI CO.,LTD. STORE, BOXIANGWANJU STORE, BTGEDTL STORE, BUY IN HERE STORE, CHANGED STORE, CHAOZHOU BURTON FOODSTUFF CO., LTD., CHAOZHOU CHAOAN HAPPINESS FOODS CO., LTD., CHAOZHOU CHAOAN LARK TRADE CO., LTD., CHERR TOY STORE, CHILD WONDERLAND STORE, CHILDREN'S GOODS STORE, COME ON 2015, CURIOUS&PROMISING BABY STORE, DALIAN HOLY TRADING CO., LTD., DONGGUAN BOWEN ELECTRONIC TECHNOLOGY LIMITED, DONGGUAN CITY YISEN PRECISION HARDWARE SPRING CO., LTD., ELEVEN 'S HOUSE, ENJOYING+UU STORE, FAIRYTOY STORE, FRIENDSHIP HXX STORE, FUNNY TOY STORE STORE, GJCUTE TOY STORE, GOODGIRL | **CIVIL ACTION No.** <br><br> **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S *EX PARTE* APPLICATION FOR 1) A TEMPORARY RESTRAINING ORDER; 2) ORDER RESTRAINING MERCHANT STOREFRONTS AND DEFENDANTS' ASSETS WITH THE FINANCIAL INSTITUTIONS; 3) AN ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE; 4) ORDER AUTHORIZING BIFURCATED AND ALTERNATIVE SERVICE AND 5) ORDER AUTHORIZING EXPEDITED DISCOVERY** <br><br> **FILED UNDER SEAL** |

STORE, GREAT INTERNATIONAL TOYS LIMITED, GUANGDONG HERSHEY SPRING INDUSTRIAL CO., LTD., GUANGDONG K.Y.F TRADING CO., LTD., HABAO STORE, HANG WING PLASTIC INDUSTRY CO., LTD., HAPPINESS CENTER STORE, HAPPYDEAL STORE, HARBIN YUANLONG IMPORT AND EXPORT TRADE CO., LTD., HEFEI SAI BEI TE TRADING CO., LTD., HENGJUN PLASTIC TOYS MANUFACTORY, HHSMILE STORE, HOW DO YOU DO STORE, INNOCENCE PARADISE, JIANGXI BOLAI PLASTIC INDUSTRY CO., LTD., JINJIANG SUPERSTARER IMPORT & EXPORT CO., LTD., JINMING TOYS & CRAFTS IMP.& EXP. CO., LTD., KIDS PLAYING STORE, LEFT MAGIC TRICK STORE, LEGE TRICK FACTORY STORE, LEORX PLAYTOY STORE, LICHENG TECHNOLOGY (SHENZHEN) CO., LTD., LIJIA GAME PRODUCTION (JIANGSU) CO., LTD., LIKEIT STORE, LILITOY STORE, LITTLE STARS MOTHER&BABY SUPPLIER STORE, LONG SHENG TOY STORE, LONGYAN LANG LING HENG CHUANG TRADING CO., LTD., LOVE LOVE CHILDREN BABY STORE, LOVESONG STORE, MAGICAL TRICKS STORE, MAKIKI STORE, MAMI'S BABY STORE, MAYUSCULOS OJOS STORE, MIDDLE, MILCEA GROBAL STORE, MINGO STORE, MOMMY N BABY EVERY NICE DAY STORE, MOTHER & CHILDREN CLOTHES STORE, MY BABY GIRL STORE, NBJUSTIN STORE, NINGBO EMBODY HOMEWARE CO., LTD., NINGBO GYL INTERNATIONAL TRADING CO., LTD., NINGBO HUAMAO INTERNATIONAL TRADING CO., LTD., NINGBO KELSUN INTL TRADE CO., LTD., NINGBO LIJIA INDUSTRY CO., LTD., NINGBO SELLERS UNION CO., LTD., NINGBO YINZHOU BOTE SPRING ELECTRICAL EQUIPMENT FACTORY, NINGBO ZHENRONG INTERNATIONAL TRADING CO., LTD. (JUST IN), PREGNANT CHILD BABY ACCESSORIES STORE, PUJIANG SONDER CRAFT CO., LTD., PURPLE STORE, SEE YOU AGAIN^_^, SHANGHAI WISDOM IMPORT AND EXPORT CO., LTD., SHANGHAI ZEBRAJOY GIFTS CO., LTD., SHANTOU BORONG TOYS CO., LTD., SHANTOU CHENGHAI BEIBEI TOYS, SHANTOU CHENGHAI BIG BAG TOYS COMPANY LIMITED, SHANTOU CHENGHAI HAODA TOYS CO., LTD., SHANTOU CHENGHAI HENGYA TOYS CO.,

LTD., SHANTOU CHENGHAI HENGYING TOYS CO., LTD., SHANTOU CHENGHAI HUIKE TOYS FIRM, SHANTOU CHENGHAI KAISHENGLONG TOYS FACTORY, SHANTOU CHENGHAI MAYA TOYS FACTORY, SHANTOU CHENGHAI PENGCHENG TOY IND. CO., LTD., SHANTOU CHENGHAI SHUNFENG CRAFT FACTORY, SHANTOU CHENGHAI SWEET BABY TOYS FIRM, SHANTOU CHENGHAI YAKAI TOYS FACTORY, SHANTOU CHENGHAI YAXING PLASTIC AND METAL MANUFACTORY, SHANTOU CHENGHAI YUANSHENG TOYS INDUSTRY CO., LTD., SHANTOU CHENGHAI YUEQI TOYS FIRM, SHANTOU CHENGJI TOYS & GIFTS CO., LTD., SHANTOU CINDA TOYS CO., LTD., SHANTOU CITY BHX TOYS CO., LTD., SHANTOU CITY CHENGHAI XINBOOMING TOYS FACTORY, SHANTOU CYBER TOYS BUSINESS, SHANTOU EVER PROSPEROUS TRADING CO., LTD., SHANTOU GUANGBAI CRAFTS & TOYS CO., LIMITED, SHANTOU H&C TOYS & CRAFS MANUFACTORY, SHANTOU HONGNA CANDY TOYS CO., LTD., SHANTOU JINYU TRADING CO., LTD., SHANTOU KUNYANG TRADING CO., LTD., SHANTOU LIHUI TOYS CO., LTD., SHANTOU LONGHU XUCHANG TOYS FIRM, SHANTOU LUCKY TOYS & GIFT FIRM, SHANTOU MEGAFUN TOYS INDUSTRIAL LTD., SHANTOU MEIHUI TOYS CO., LTD., SHANTOU MINGTONG TOYS INDUSTRIAL CO., LTD., SHANTOU RONGHEQIANG TRADE CO., LTD., SHANTOU RUNFENDDA TOYS FIRM, SHANTOU SOUTH TOYS FACTORY, SHANTOU SUNNY TOYS INDUSTRIAL CO., LTD., SHANTOU TIANYI TOYS INDUSTRIAL CO., LTD., SHANTOU XINLIANG TOYS FACTORY, SHANTOU YICHENG TOYS FACTORY, SHANTOU YINGXING TOYS COMPANY LIMITED, SHANTOU ZHILETIAN TOYS TRADING CO., LTD., SHAOXING JINLANGTE SPORTS GOODS CO., LTD., SHAOXING YAONE GIFTS CO., LTD., SHENZHEN CITY BOTREE TOYS FACTORY, SHENZHEN E-18TH TECHNOLOGY CO., LTD., SHENZHEN EDUCATIONAL EQUIPMENT CO LTD, SHENZHEN FOCALVALUE TECHNOLOGY CO., LTD., SHENZHEN GIFT JOINT PROMO CO., LTD., SHENZHEN JYC TECHNOLOGY LTD. (BEAUTY CARE BRANCH), SHENZHEN SHENGMA HARDWARE SPRING CO., LTD.,

SHENZHEN WTYD TECHNOLOGY LIMITED, SHENZHEN X-WORLD TECHNOLOGY CO., LTD., SHGEZM TOY STORE, SHOP2784166 STORE, SHOP2919053 STORE, SHOP3851047 STORE, SHOP4558035 STORE, SICHUAN TRANMEC MACHINERY I/E CO., LTD., SIMPLE HAPPY LIFE, SURPRISE GIFTS STORE, WANJU STORE, WENLING BESTONE COMMODITY FACTORY, WUXI OCEAN IMPORT AND EXPORT CO., LTD., XIAMEN MINE TRADING CO., LTD., XINHENGXIN ELECTRONIC CO., LTD., Y&H TOY STORE, YIWU B&T CRAFTS & ARTS CO., LTD., YIWU BAY IMPORT AND EXPORT CO., LTD., YIWU CHANGQING TOYS CO., LTD., YIWU CHU TAI ART & CRAFTS CO., LTD., YIWU CITY JO TOYS CO., LTD., YIWU HECHENG IMPORT & EXPORT CO., LTD., YIWU HUAGUDUO TOYS CO., LTD., YIWU JIANDU CRAFTS CO., LTD., YIWU LADSOUL GARMENT ACCESSORY CO., LTD., YIWU LINTAI IMPORT & EXPORT CO., LTD., YIWU PARTY UNION IMP & EXP CO., LTD., YIWU POWER IMPORT & EXPORT CO., LTD., YIWU QIDA HOUSEHOLD ITEMS FACTORY, YIWU QUANFA IMPORT & EXPORT COMPANY LIMITED, YIWU SHINCOO ART & CRAFTS CO., LTD., YUGUO BABY STORE, YUYAO XUEYOU TEACHING EQUIPMENT CO., LTD., ZELA STOREM, ZHANGPING TK TOYS AND GIFTS CO., LTD. and ZHEJIANG LISHENG SPRING CO., LTD.,

*Defendants*

## TABLE OF CONTENTS

I.    **INTRODUCTION**........................................................................................... 1

II.    **STATEMENT OF RELEVANT FACTS**.......................................................... 3

III.   ARGUMENT ..................................................................................................... 3

A.    THIS COURT HAS PERSONAL JURISDICTION OVER DEFENDANTS .................. 3

          1.    **Defendants are Subject to Personal Jurisdiction Under N.Y. C.P.L.R. § 302(a)(1)** .................................................................... 4

          2.    **Exercising Personal Jurisdiction Over Defendants Comports with Due Process** ................................................................... 10

B.    PLAINTIFF IS ENTITLED TO AN *EX PARTE* TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION ................................................ 10

          1.    **Plaintiff Will Suffer Irreparable Harm in the Absence of an Injunction Leaving Plaintiff with No Adequate Remedy at Law** ....... 12

          2.    **Plaintiff is Likely to Prevail on the Merits of Its Lanham Act Claims**.................................................................................... 14

          3.    **Plaintiff is Likely to Prevail on Its State Law Claims**........................ 15

          4.    **The Balance of Hardships Favors Plaintiff** .......................... 15

          5.    **Enjoining Defendants from Using the Slinky Marks Will Serve the Public Interest** ...................................................... 16

     C.    **PLAINTIFF IS ENTITLED TO AN ORDER 1) PREVENTING THE FRAUDULENT TRANSFER OF ASSETS AND 2) FREEZING DEFENDANTS' MERCHANT STOREFRONTS** ......................................... 16

          1.    **Defendants' Assets Must be Frozen** ....................................... 16

          2.    **Defendants' User Accounts and Merchant Storefronts Must be Frozen**................................................................................ 18

D. PLAINTIFF IS ENTITLED TO AN ORDER AUTHORIZING BIFURCATED AND ALTERNATIVE SERVICE OF PROCESS BY ELECTRONIC MEANS .................... 19

E.    PLAINTIFF IS ENTITLED TO AN ORDER AUTHORIZING EXPEDITED DISCOVERY................................................................................................. 21

F.    PLAINTIFF'S REQUEST FOR A SECURITY BOND IN THE AMOUNT OF $5,000 IS ADEQUATE ................................................................................ 21

IV.   CONCLUSION.............................................................................................. 22

## TABLE OF AUTHORITIES

**Cases**

*Advanced Portfolio Techs., Inc. v. Advanced Portfolio Techs., Ltd.*, No. 94 Civ. 5620 (JFK), 1994 U.S. Dist. LEXIS 18457 (S.D.N.Y. Dec. 28, 1994). .................................... 23

*Allstar Marketing Group, LLC v. 123 Beads Store, et al.*, 19-cv-3184-AJN (S.D.N.Y. Apr. 10, 2019) .................................................................................................................. 6

*Allstar Marketing Group, LLC v. 178623, et al.*, 19-cv-3186-AJN (S.D.N.Y. Apr. 10, 2019) .......................................................................................................................................... 6

*Allstar Marketing Group, LLC v. 24x7, et al.*, No. 18-cv-9043-JSR (S.D.N.Y. Oct. 3, 2018) .......................................................................................................................................... 6

*Allstar Marketing Group, LLC v. 545756338, et al.*, 19-cv-4209-KPF (S.D.N.Y. May 9, 2019) .......................................................................................................................................... 6

*Allstar Marketing Group, LLC v. activate2011store, et al.*, 19-cv-4204-KPF (S.D.N.Y. May 9, 2019).................................................................................................................. 6

*Allstar Marketing Group, LLC v. Alice Wonder Household (Shanghai) Co., Ltd.*, 19-cv-4208-KPF (S.D.N.Y. May 9, 2019) ........................................................................... 6

*Allstar Marketing Group, LLC v. bigbigdream320, et al.*, 19-cv-3182-AJN (S.D.N.Y. Apr. 10, 2019) .................................................................................................................. 6

*Allstar Marketing Group, LLC v. Learns babyshop, et al.*, 19-cv-4211-KPF (S.D.N.Y. May 9, 2019).................................................................................................................. 6

*Audiovox Corp v. S. China Enter., Inc.*, 2012 U.S. Dist. LEXIS 104656 (S.D.N.Y. Jul. 26, 2012) .......................................................................................................................................... 8

*AW Licensing, LLC v. Bao*, No. 15- CV-1373, 2015 U.S. Dist. LEXIS 177101 (S.D.N.Y. Apr. 1, 2015) ...................................................................................................... 1, 21, 22

*Ayyash v. Bank Al-Madina*, 233 F.R.D. 325 (S.D.N.Y. 2005) ................................................. 23, 24

*Balenciaga Am., Inc. v. Dollinger*, No. 10 Civ. 2912 (LTS), 2010 U.S. Dist. LEXIS 107733 (S.D.N.Y. Oct. 8, 2010) ......................................................................................... 19

*Best Van Lines, Inc. v. Walker*, 490 F.3d 239 (2d Cir. 2007) ........................................... 3, 4, 9, 10

*Best Van Lines, Inc. v. Walker*, No. 03 Civ. 6585 (GEL), 2004 U.S. Dist. LEXIS 7830 (S.D.N.Y. May 4, 2004)......................................................................................................... 9

*Boschetto v. Hansing*, 539 F.3d 1011 (9th Cir. 2008) .................................................................... 8

*Broad. Music, Inc. v. Prana Hosp.*, Inc., 158 F. Supp. 3d 184 (S.D.N.Y. 2016) ........................ 18

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (U.S. 1985)......................................................... 10

*Calder v. Jones*, 465 U.S. 783 (1984) ........................................................................................... 10

*Cartier v. Seah LLC*, 598 F. Supp. 2d 422 (S.D.N.Y. 2009) ............................................................ 7

*Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158 (2d Cir. 2010) .............................. 4, 5, 7

*Citigroup Inc. v. City Holding Co.*, 97 F. Supp. 2d 549 (S.D.N.Y. 2000) ................................... 4, 5

*CJ Prods. LLC v. Snuggly Plushez LLC*, 809 F. Supp. 2d 127 (E.D.N.Y. 2011) ........................ 13

*Dama S.P.A. v. Doe*, No. 15-cv-4528 (VM), 2015 U.S. Dist. LEXIS 178076 (S.D.N.Y.
    June 12, 2015) ......................................................................................................... 20, 22, 23

*Doctor's Assocs., Inc. v. Stuart*, 85 F.3d 975 (2d Cir. 1996) ......................................................... 24

*eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388 (2006) ............................................................... 13

*Energy Brands Inc. v. Spiritual Brands, Inc.*, 571 F. Supp. 2d 458 (S.D.N.Y. 2008) ................... 3

*EnviroCare Techs., LLC v. Simanovsky*, No. 11-CV-3458(JS)(ETB),2012 U.S. Dist.
    LEXIS 78088 (E.D.N.Y. June 4, 2012) ................................................................... 5, 6, 7, 8

*Federal Express Corp. v. Federal Espresso, Inc.*, 201 F.3d 168 (2d Cir. 2000)) ........................ 12

*Feist Publ'ns, Inc. v. Rural Telephone Serv. Co.*, 499 U.S. 340, 361 (1991) ............................... 15

*Fendi Adele S.R.L. v. Filene's Basement, Inc.*, 696 F. Supp. 2d 368 (S.D.N.Y. 2010) ............... 15

*FTC v. PCCare247 Inc.*, 2013 U.S. Dist. LEXIS 31969 (S.D.N.Y. Mar. 7, 2013) ...................... 22

*Gaste v. Kaiserman*, 863 F.2d 1061, 1066 (2d Cir. 1988) ............................................................ 17

*Grand v. Schwartz*, No. 15 Civ. 8779, 2016 U.S. Dist. LEXIS 61606 (S.D.N.Y. May 1,
    2016) .............................................................................................................................................. 6

*Gucci Am. v. Bank of China*, 768 F.3d 122 (2d Cir. 2014) ........................................................... 19

*Gucci Am., Inc. v. Weixing Li*, 135 F. Supp. 3d 87 (S.D.N.Y. 2015) ...................................... 4, 21

*Gucci America, Inc., et al v. Alibaba Group Holding LTD, et al,* No. 1:15-cv-03784
    (PKC) (S.D.N.Y. June 23, 2015) ......................................................................................... 1

*Hsin Ten Enter. USA, Inc. v. Clark Enters.*, 138 F. Supp. 2d 449 (S.D.N.Y. 2000) ..................... 7

*Ideavillage Products Corp. v. 1yuyan1, et al.*, No. 18-cv-10000-NRB (S.D.N.Y. Oct. 30,
    2018) .............................................................................................................................................. 6

*Ideavillage Products Corp. v. 207058772, et al.,* No. 18-cv-6512-VM (S.D.N.Y. July 19,
    2018) .............................................................................................................................................. 6

*Ideavillage Products Corp. v. 29shyans2012, et al.,* No. 18-cv-6266-AT (S.D.N.Y. July
    11, 2018) ....................................................................................................................................... 7

*Ideavillage Products Corp. v. 666668, et al.,* No. 18-cv-6850-CM (S.D.N.Y. July 31, 2018) ...................................................................................................................................... 6

*Ideavillage Products Corp. v. 711market, et al.,* No. 18-cv-7832-JMF (S.D.N.Y. Aug. 28, 2018) ...................................................................................................................................... 6

*Ideavillage Products Corp. v. Aarhus, et al.*, No. 18-cv-2739-JGK (S.D.N.Y. April 11, 2018) ...................................................................................................................................... 7

*Ideavillage Products Corp. v. abc789456, et al.,* No. 18-cv-2962-NRB (S.D.N.Y. April 11, 2018) .............................................................................................................................. 7

*Ideavillage Products Corp. v. Dongguan Opete Yoga Wear Manufacturer Co., Ltd., et al.,* No. 17-cv-9099 (JMF) (S.D.N.Y. Nov. 21, 2017).................................................. 1

*Ideavillage Products Corp. v. Dongguan Shipai Loofah Sponge Commodity Factory, et al.*, No. 18-cv-901-PGG (S.D.N.Y. Feb. 1, 2018) ........................................................... 6, 7

*Ideavillage Products Corp. v. longteng, et al.,* No. 18-cv-7329-AT (S.D.N.Y. Aug. 14, 2018) ...................................................................................................................................... 6

*Ideavillage Products Corp. v. OhmyGod 1, et al.*, No. 18-cv-9999-RA (S.D.N.Y. Nov. 15, 2018) .................................................................................................................................. 6

*In re Vuitton et Fils, S.A.*, 606 F.2d (2d Cir. 1979).......................................................................... 1

*Intenze Products, Inc. v. 1586, et al.,* No. 18-cv-4611-RWS (S.D.N.Y. May 24, 2018) ............... 7

*Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945) ........................................................................ 3

*JLM Couture, Inc. v. Aimibridal, et al.,* No. 18-cv-1565-JMF (S.D.N.Y. Feb. 21, 2018) ......... 1, 7

*Klipsch Grp., Inc. v. Big Box Store Ltd.*, No. 1:12-cv-06283 (VSB), 2012 U.S. Dist. LEXIS 153137 (S.D.N.Y. Oct. 24, 2012)........................................................................... 1

*Kwan v. Schlein*, 634 F.3d 224, 229 (2d Cir. 2011)...................................................................... 15

*Lechner v. Marco-Domo Intnationales Interieur GmbH,* No. 03 Civ. 5664 (JGK), 2005 U.S. Dist. LEXIS 4022 (S.D.N.Y. Mar. 10, 2005) ........................................................... 10

*Licci v. Lebanese Canadian Bank*, 732 F.3d 161 (2d Cir. 2013)................................................ 3, 4

*Lifeguard Licensing Corp. v. Ann Arbor T-Shirt Co., LLC*, No. 15 Civ. 8459 (LGS), 2016 U.S. Dist. LEXIS 89149 (S.D.N.Y. July 8, 2016) .............................................. 5

*Local 1814, Int'l Longshoremen's Ass'n v. N.Y. Shipping Ass'n, Inc.*, 965 F.2d 1224 (2d Cir. 1992) ............................................................................................................................. 12

*Louis Vuitton Malletier v. Burlington Coat Factory Warehouse Corp.*, 426 F.3d 532 (2d Cir. 2005) ............................................................................................................................. 12

*Mattel, Inc. v. 162275898, et al.,* No. 18-cv-8821-AJN (S.D.N.Y. Sept. 26, 2018)...................... 6

*Mattel, Inc. v. 1994_honeymoon, et al.*, No. 18-cv-10427 (S.D.N.Y. Nov. 9, 2018) .................... 6

*Mattel, Inc. v. 2012shiningroom2012, et al.*, No. 18-cv-11648-PKC (S.D.N.Y. Dec. 13, 2018) ...................................................................................................................................... 6

*Mattel, Inc. v. 2013CheapBuy, et al.*, No. 18-cv-11647-PKC (S.D.N.Y. Dec. 13, 2018) .............. 6

*Mattel, Inc. v. 276470, et al.*, No. 18-cv-10440-KPF (S.D.N.Y. Nov. 9, 2018)............................. 6

*Mattel, Inc. v. 86755, et al.,* No. 18-cv-8825-JSR (S.D.N.Y. Sept. 26, 2018) ............................ 24

*Mattel, Inc. v. Aaron's Fashion Store, et al.*, Case No. 18-cv-10437-KPF (S.D.N.Y. Nov. 9, 2018) ...................................................................................................................................... 6

*Mattel, Inc. v. betterlover, et al.*, No. 18-cv-11644-PKC (S.D.N.Y. Dec. 13, 2018) .................... 6

*McGraw-Hill Global Educ. Holdings LLC v. Khan*, 323 F. Supp. 3d 488 (S.D.N.Y. 2018) ......... 7

*Milliken v. Meyer*, 311 U.S. 457 (1940) ..................................................................................... 10

*Mint, Inc. v. Iddi Amad*, No. 10 Civ. 9395 (SAS), 2011 U.S. Dist. LEXIS 49813 (S.D.N.Y. May 9, 2011)................................................................................................................ 15

*Mitchell Grp. USA LLC v. Udeh*, No. 14-cv-5745,2015 U.S. Dist. LEXIS 18801 (E.D.N.Y. Feb. 17, 2015).................................................................................................................. 13

*Moose Toys Pty LTD, et al. v. adition, et al.*, No. 18-cv-9262-AJN (S.D.N.Y. Oct. 10, 2018) ...................................................................................................................................... 6

*Moose Toys Pty Ltd. et al., v. 963, et al.*, No. 18-cv-2187-VEC (S.D.N.Y. April 2, 2018) ........... 7

*Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306 (1950) ................................................ 22

*N. Am. Olive Oil Ass'n v. Kangadis Food Inc.*, 962 F. Supp. 2d 514 (S.D.N.Y. 2013) ............... 17

*N. Atl. Operating Co. v. Evergreen Distribs., LLC*, No. 13-CV-4974 (ERK) (VMS), 2013 U.S. Dist. LEXIS 147835 (E.D.N.Y. Sep. 27, 2013)....................................................... 13

*N.Y.C. Triathlon, LLC v. NYC Triathlon Club, Inc.*, 704 F. Supp. 2d 305 (S.D.N.Y. 2010) ....... 18

*National Association for Stock Car Auto Racing, Inc. v. Does*, 584 F. Supp. 2d 824 (W.D.N.C. 2008)................................................................................................................... 22

*North Face Apparel Corp. v. TC Fashions, Inc.*, 2006 U.S. Dist LEXIS 14226 (S.D.N.Y. Mar. 30, 2006).................................................................................................................... 19

*Off-White LLC v. 5hk5584, et al.*, No. 19-cv-672-RA (S.D.N.Y. Jan. 24, 2019) ........................... 6

*Off-White LLC v. Adagio, et al.*, No. 19-cv-676-RA (S.D.N.Y. Jan. 24, 2019) ............................. 6

*Off-White LLC v. Ali Jr., et al.*, No. 19-cv-1775-PAE (S.D.N.Y. Feb. 26, 2019) .......................... 6

*Off-White LLC v. Amazon001, et al.*, No. 19-cv-2067-JMF (S.D.N.Y. Mar. 7, 2019).................. 6

*Off-White LLC v. Baoding Springru Trade Co., Ltd., et al.*, No. 19-cv-674-RA (S.D.N.Y. Jan. 24, 2019)..................................................................................................................... 6

*Off-White v. 6014350 et al.,* No. 18-cv-5322-GBD (S.D.N.Y. June 13, 2018) .............................. 7

*Off-White, LLC v. A445995685, et al.*, No. 18-cv-2009-LGS (S.D.N.Y. March 27, 2018) ........... 7

*P&G v. Colgate-Palmolive Co.*, 199 F.3d 74, 77 (2d Cir. 1999) ................................................. 16

*Polaroid Corp. v. Polarad Elecs. Corp.* 287 F.2d 492 (2d Cir. 1961) ......................................... 14

*Richemont N. Am., Inc. v. Linda Lin Huang*, No. 12 Civ. 4443 (KBF), 2013 U.S. Dist. LEXIS 136790 (S.D.N.Y. Sep. 24, 2013) ......................................................................... 15

*Rolex Watch, U.S.A., Inc. v. Pharel*, 2011 U.S. Dist. LEXIS 32249 (E.D.N.Y. Mar. 11, 2011) ................................................................................................................................... 9

*Rovio Entertainment Ltd. and Rovio Animation OY v. Best Baby and Kid Store, et al.*, No. 17-cv-4884-KPF (S.D.N.Y. June 28, 2017) ...................................................................... 24

*Salinger v. Colting*, 607 F.3d 68 (2d Cir. 2010) ........................................................................ 13

*SEC v. Anticevic*, No. 05 CV 6991 (KMW), 2009 U.S. Dist. LEXIS 11480 (S.D.N.Y. Feb. 8, 2009) .................................................................................................................... 21

*Skyrocket, LLC d/b/a Skyrocket Toys LLC v. 2791383638, et al.*, No. 18-cv-11279-AT (S.D.N.Y. Dec. 4, 2018) ................................................................................................... 6

*Skyrocket, LLC d/b/a Skyrocket Toys LLC v. 5ATOY Store, et al.*, No. 18-cv-11280-AT (S.D.N.Y. Dec. 4, 2018) ................................................................................................... 6

*Solé Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC*, 450 F.3d 100 (2d Cir. 2006) ................. 4

*Spin Master Ltd. and Spin Master, Inc. v. 13385184960@163.com, et al.*, Case No. 18-cv-10524-LGS (S.D.N.Y. Nov. 13, 2018) .......................................................................... 6

*Spin Master Ltd. and Spin Master, Inc. v. 158, et al.,* No. 18-cv-1774-PAE (Feb. 27, 2018) ................................................................................................................................ 7

*Spin Master Ltd. and Spin Master, Inc. v. 21CCN, et al.*, No. 18-cv-11086-RA (S.D.N.Y. Nov. 29, 2018) ................................................................................................................. 6

*Spin Master Ltd. and Spin Master, Inc. v. Alisy, et al.*, No. 18-cv-543-PGG, Dkt. 16 (S.D.N.Y. Jan. 22, 2018) ................................................................................................. 7

*Spin Master Ltd., et al v. Alvy, et al.*, No. 19-cv-3452-LGS (S.D.N.Y. Apr. 24, 2019) ................ 6

*Stora v. Don't Ask Why Outfitters,* 2016 U.S. Dist. LEXIS 170172, at *12 (E.D.N.Y. Dec. 7, 2016) .............................................................................................................................. 16

*Sulzer Mixpac AG v. Medenstar Indus. Co.*, 312 F.R.D. 329 (S.D.N.Y. 2015) .................... 21, 22

*Tapestry, Inc., et al. v. baoqingtianff, et al.,* No. 18-cv-7650-PAE (S.D.N.Y. Aug. 22, 2018) ................................................................................................................................ 6

*Thomas Publ'g Co. v. Indus. Quick Search*, 237 F. Supp. 2d 489 (S.D.N.Y. 2002) ..................... 6

*Tiffany (NJ) Inc. v. eBay, Inc.*, 600 F.3d 93 (2d Cir. 2010) ........................................................... 14

*Tufenkian Import/Export Ventures, Inc. v. Einstein Moomjy, Inc.*, 338 F.3d 127 (2d Cir. 2003) ................................................................................................................................. 17

*U.S. Polo Ass'n, Inc. v. PRL USA Holdings, Inc.,* 800 F.Supp.2d 515 (S.D.N.Y. 2011); ........... 13

*Warner Bros. Entm't Inc. v. Doe,* No. 14-CV-3492 (KPF), 2014 U.S. Dist. LEXIS 190098 (S.D.N.Y. May 29, 2014)........................................................................................ 20

*William Mark Corporation v. 1&cc, et al.,* No. 18-cv-3889-RA (S.D.N.Y. May 2, 2018)............ 7

*William Mark Corporation v. 1104520362, et al.,* No. 18-cv-6715-PAC (S.D.N.Y. July 26, 2018) ...................................................................................................................................... 6

*WOW Virtual Reality, Inc. v. 2013\*passionate, et al.,* No. 18-cv-8071-VEC (S.D.N.Y. Sept. 5, 2018) ................................................................................................................................... 6

*WOW Virtual Reality, Inc. v. Bienbest, et al.,* No. 18-cv-3305-VEC (S.D.N.Y. April 17, 2018) ...................................................................................................................................... 7

*WowWee Group Limited, et al. v. Meirly, et al.*, No. 18-cv-706-AJN (S.D.N.Y. Jan. 26, 2018) ...................................................................................................................................... 7

*Yurman Design, Inc. v. PAJ Inc.,* 262 F.3d 101 (2d Cir. 2001).................................................... 16

*Zino Davidoff SA v. CVS Corp.*, 571 F.3d 238 (2d Cir. 2009)...................................................... 14

**Statutes**

15 U.S.C. § 1057(b) ...................................................................................................................... 14

15 U.S.C. § 1116(d)(1)(a) ............................................................................................................ 11

15 U.S.C. § 1117(a) ...................................................................................................................... 19

17 U.S.C. § 410(c) ........................................................................................................................ 15

17 U.S.C. § 501(a) ........................................................................................................................ 15

Fed. R. Civ. P. 26(d)(1)................................................................................................................ 23

Fed. R. Civ. P. 4...................................................................................................................... 10, 21, 22

Fed. R. Civ. P. 65(b) .................................................................................................................... 11

N.Y. C.P.L.R. § 302 ...................................................................................................................... 3

**Other Authorities**

The Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters, November 15, 1965, Article........................................ 22

## GLOSSARY

| Term | Definition |
| --- | --- |
| **Plaintiff or Poof-Slinky** | Poof-Slinky, LLC |
| **Defendants** | A.S. Plastic Toys Co., Ltd., Ali Fashioning Toy Store, Ali-Dream Toy Store, Ali-Jetting Toy Store, Amy & Benton Toys And Gifts Co., Ltd., Baby SHOpping emm Store, Baby Toy City Store, Baby's Center Store, Baby-Toy World Store, Bala Baby First, BaoChenYi Store, BB2019 Store, Beauty & Attraction, Believe-Fly Trading (Toys) Co., Ltd. Shantou, Better Shop,Better Life, Bilidi Co.,Ltd. Store, boxiangwanju Store, BTGEDTL Store, Buy in here Store, Changed Store, Chaozhou Burton Foodstuff Co., Ltd., Chaozhou Chaoan Happiness Foods Co., Ltd., Chaozhou Chaoan Lark Trade Co., Ltd., Cherr Toy Store, Child Wonderland Store, Children's Goods Store, Come On 2015, Curious&Promising BABY Store, Dalian Holy Trading Co., Ltd., Dongguan Bowen Electronic Technology Limited, Dongguan City Yisen Precision Hardware Spring Co., Ltd., Eleven 's House, Enjoying+UU Store, FairyToy Store, Friendship hxx Store, Funny Toy Store Store, GJCUTE Toy Store, goodgirl Store, GREAT INTERNATIONAL TOYS LIMITED, Guangdong Hershey Spring Industrial Co., Ltd., Guangdong K.Y.F Trading Co., Ltd., Habao Store, Hang Wing Plastic Industry Co., Ltd., Happiness Center Store, happydeal Store, Harbin Yuanlong Import and Export Trade Co., Ltd., Hefei Sai Bei Te Trading Co., Ltd., Hengjun Plastic Toys Manufactory, hhsmile Store, How do you do Store, Innocence paradise, Jiangxi Bolai Plastic Industry Co., Ltd., Jinjiang Superstarer Import & Export Co., Ltd., Jinming Toys & Crafts Imp.& Exp. Co., Ltd., Kids Playing Store, left magic trick Store, Lege Trick Factory Store, Leorx PlayToy Store, Licheng Technology (Shenzhen) Co., Ltd., Lijia Game Production (Jiangsu) Co., Ltd., Likeit Store, LiliTOY Store, Little Stars Mother&Baby Supplier Store, LONG SHENG TOY Store, Longyan Lang Ling Heng Chuang Trading Co., Ltd., Love Love children baby store, LoveSong Store, magical tricks Store, Makiki Store, MAMI'S BABY Store, Mayusculos Ojos Store, Middle, Milcea Grobal Store, MINGO Store, Mommy n Baby Every nice day Store, Mother & Children |

Clothes Store, My Baby Girl Store, nbjustin Store, Ningbo Embody Homeware Co., Ltd., Ningbo GYL International Trading Co., Ltd., Ningbo Huamao International Trading Co., Ltd., Ningbo Kelsun Intl Trade Co., Ltd., Ningbo Lijia Industry Co., Ltd., Ningbo Sellers Union Co., Ltd., Ningbo Yinzhou Bote Spring Electrical Equipment Factory, Ningbo ZhenRong International Trading Co., Ltd. (JUST IN), Pregnant Child Baby Accessories Store, Pujiang Sonder Craft Co., Ltd., Purple Store, See you Again^_^, Shanghai Wisdom Import And Export Co., Ltd., Shanghai Zebrajoy Gifts Co., Ltd., Shantou Borong Toys Co., Ltd., Shantou Chenghai Beibei Toys, Shantou Chenghai Big Bag Toys Company Limited, Shantou Chenghai Haoda Toys Co., Ltd., Shantou Chenghai Hengya Toys Co., Ltd., Shantou Chenghai Hengying Toys Co., Ltd., Shantou Chenghai Huike Toys Firm, Shantou Chenghai Kaishenglong Toys Factory, Shantou Chenghai Maya Toys Factory, Shantou Chenghai Pengcheng Toy Ind. Co., Ltd., Shantou Chenghai Shunfeng Craft Factory, Shantou Chenghai Sweet Baby Toys Firm, Shantou Chenghai Yakai Toys Factory, Shantou Chenghai Yaxing Plastic And Metal Manufactory, Shantou Chenghai Yuansheng Toys Industry Co., Ltd., Shantou Chenghai Yueqi Toys Firm, Shantou Chengji Toys & Gifts Co., Ltd., Shantou Cinda Toys Co., Ltd., Shantou City BHX Toys Co., Ltd., Shantou City Chenghai Xinbooming Toys Factory, Shantou Cyber Toys Business, Shantou Ever Prosperous Trading Co., Ltd., Shantou Guangbai Crafts & Toys Co., Limited, Shantou H&C Toys & Crafs Manufactory, Shantou Hongna Candy Toys Co., Ltd., Shantou Jinyu Trading Co., Ltd., Shantou Kunyang Trading Co., Ltd., Shantou Lihui Toys Co., Ltd., Shantou Longhu XuChang Toys Firm, Shantou Lucky Toys & Gift Firm, Shantou Megafun Toys Industrial Ltd., Shantou Meihui Toys Co., Ltd., Shantou Mingtong Toys Industrial Co., Ltd., Shantou Rongheqiang Trade Co., Ltd., Shantou Runfendda Toys Firm, Shantou South Toys Factory, Shantou Sunny Toys Industrial Co., Ltd., Shantou Tianyi Toys Industrial Co., Ltd., Shantou Xinliang Toys Factory, Shantou Yicheng Toys Factory, Shantou Yingxing Toys Company Limited, Shantou Zhiletian Toys Trading Co., Ltd., Shaoxing Jinlangte Sports Goods Co., Ltd., Shaoxing Yaone Gifts Co., Ltd., Shenzhen

|  | City Botree Toys Factory, Shenzhen E-18th Technology Co., Ltd., shenzhen educational equipment co ltd, Shenzhen Focalvalue Technology Co., Ltd., Shenzhen Gift Joint Promo Co., Ltd., Shenzhen JYC Technology Ltd. (Beauty Care Branch), Shenzhen Shengma Hardware Spring Co., Ltd., Shenzhen WTYD Technology Limited, Shenzhen X-World Technology Co., Ltd., SHgeZm Toy Store, Shop2784166 Store, Shop2919053 Store, Shop3851047 Store, Shop4558035 Store, Sichuan Tranmec Machinery I/E Co., Ltd., Simple Happy Life, Surprise Gifts Store, wanju Store, Wenling Bestone Commodity Factory, Wuxi Ocean Import and Export Co., Ltd., Xiamen MINE Trading Co., Ltd., Xinhengxin Electronic Co., Ltd., Y&H Toy Store, Yiwu B&T Crafts & Arts Co., Ltd., Yiwu Bay Import And Export Co., Ltd., Yiwu Changqing Toys Co., Ltd., Yiwu Chu Tai Art & Crafts Co., Ltd., Yiwu City JO Toys Co., Ltd., Yiwu Hecheng Import & Export Co., Ltd., Yiwu Huaguduo Toys Co., Ltd., Yiwu Jiandu Crafts Co., Ltd., Yiwu Ladsoul Garment Accessory Co., Ltd., Yiwu Lintai Import & Export Co., Ltd., Yiwu Party Union Imp & Exp Co., Ltd., Yiwu Power Import & Export Co., Ltd., Yiwu Qida Household Items Factory, Yiwu Quanfa Import & Export Company Limited, Yiwu Shincoo Art & Crafts Co., Ltd., YUGUO baby Store, Yuyao Xueyou Teaching Equipment Co., Ltd., Zela Storem, Zhangping TK Toys And Gifts Co., Ltd. and Zhejiang Lisheng Spring Co., Ltd. |
|---|---|
| **Alibaba** | Alibaba.com, an online marketplace platform that allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York |
| **AliExpress** | Aliexpress.com, an online marketplace platform that allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff |
| **NAL** | New Alchemy Limited, a company that provides intellectual property infringement research services, to |

| | |
|---|---|
| | investigate and research manufacturers, wholesalers, retailers and/or other merchants offering for sale and/or selling counterfeit products on online marketplace platforms |
| **New York Addresses** | 244 Madison Ave., Suite 411, New York, New York 10016;<br>944 Havemeyer Ave., Bronx, New York, 10473;<br>20 Cooper Sq., New York, New York 10003;<br>69 W 9th St., New York, New York, 10011;<br>253 Broadway, New York, New York, 10007;<br>40 E 7th St., New York, New York, 10003 |
| **Complaint** | Plaintiff's Complaint filed on October 10, 2019 |
| **Application** | Plaintiff's *Ex Parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery filed on October 10, 2019 |
| **Conway Dec.** | Declaration of Laurie Conway in Support of Plaintiff's Application |
| **Arnaiz Dec.** | Declaration of Jessica Arnaiz in Support of Plaintiff's Application |
| **Scully Dec.** | Declaration of Brieanne Scully in Support of Plaintiff's Application |
| **Slinky Marks** | U.S. Trademark Registration Nos: 5,286,991 for "  " for a variety of goods in Class 28;  2,402,881 for "  " for a variety of goods in Class 28; and 1,455,493 for "SLINKY" for a variety of goods in Class 28 |
| **Slinky Products** | A precompressed helical spring toy that can perform a number of tricks, which come in a variety of sizes colors and materials that can light up and make noise |
| **Counterfeit Products** | Products bearing or used in connection with the Slinky Marks, and/or products in packaging and/or containing labels and/or hang tags bearing the Slinky Marks, and/or bearing or used in connection with marks that are confusingly similar to the Slinky Marks and/or products that are identical or confusingly similar to the |

| | Slinky Products |
|---|---|
| **Infringing Listings** | Defendants' listings for Counterfeit Products |
| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as Alibaba and/or AliExpress, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) |
| **Financial Institutions** | Any banks, financial institutions, credit card companies and payment processing agencies, such as PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), the Alibaba Group d/b/a Alibaba.com payment services (e.g., Alipay.com Co., Ltd., Ant Financial Services Group), PingPong Global Solutions, Inc. ("PingPong") and other companies or agencies that engage in the processing or transfer of money and/or real or personal property of Defendants |

## I.    **INTRODUCTION**

Pursuant to and in accordance with the Federal Rules of Civil Procedure, Plaintiff submits

this memorandum of law in support of its *ex parte* Application in light of Defendants' intentional

and willful offering for sale and/or sales of Counterfeit Products.[1]    Courts grant *ex parte*

applications for relief in similar matters[2] and Plaintiff requests that the Court grant its Application.

Alibaba and AliExpress are online marketplace platforms that allow manufacturers,

wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell,

distribute and ship their wholesale and retail products originating from China directly to consumers

across the world and specifically to consumers residing in the U.S., including New York. (Scully

Dec., ¶ 3.) Defendants are individuals and/or businesses, who, upon information and belief, are

located in China but conduct business in the United States and other countries by means of their

respective User Accounts and on their Merchant Storefronts on Alibaba and AliExpress, as well

as any and all as yet undiscovered online marketplace platforms. (Arnaiz Dec., ¶¶ 6-10, Ex. A;

Conway Dec., ¶¶ 18-19; Scully Dec., ¶ 3.)  Through their Merchant Storefronts, Defendants offer

for sale and/or sell consumer products, including Counterfeit Products, and market, distribute and

ship such products to consumers throughout the world, including New York.  (Arnaiz Dec., ¶¶ 6-

10, Ex. A; Conway Dec., ¶¶ 19-20; Scully Dec., ¶ 3.)  Third-party merchants operating Merchant

Storefronts on Alibaba and AliExpress, like Defendants, as well as other online marketplace

platforms, often use evasive tactics such as aliases, false addresses and other incomplete

---

[1] Where a defined term is referenced herein but not defined, it should be understood as it is defined in the Glossary.
[2] *See In re Vuitton et Fils, S.A.*, 606 F.2d 1 (2d Cir. 1979) (holding that *ex parte* temporary restraining orders are indispensable to the commencement of an action when they are the sole method of preserving a state of affairs in which the court can provide effective final relief); *see also, e.g., JLM Couture, Inc. v. Aimibridal, et al.,* No. 18-cv-1565-JMF, Dkt. 18 (S.D.N.Y. Feb. 21, 2018); *Ideavillage Products Corp. v. Dongguan Opete Yoga Wear Manufacturer Co., Ltd., et al.,* No. 17-cv-9099 (JMF), Dkt. 19 (S.D.N.Y. Nov. 27, 2017); *Gucci America, Inc., et al v. Alibaba Group Holding LTD, et al,* No. 1:15-cv-03784 (PKC) (S.D.N.Y. June 23, 2015); *AW Licensing, LLC v. Bao,* No. 15- CV-1373, 2015 U.S. Dist. LEXIS 177101, at *2-3 (S.D.N.Y. Apr. 1, 2015); *Klipsch Grp., Inc. v. Big Box Store Ltd.*, No. 1:12-cv-06283 (VSB), 2012 U.S. Dist. LEXIS 153137, at *3-4 (S.D.N.Y. Oct. 24, 2012).

identification information to conceal their identities and avoid detection. (Scully Dec., ¶ 12.)  In fact, Defendants' User Accounts and Merchant Storefronts are either devoid of any or contain incomplete information regarding Defendants' true identities, locations and contact information, making it virtually impossible for Plaintiff to obtain independently. *Id*. at ¶¶ 24-25.

Without Plaintiff's authorization or consent, Defendants were and/or currently are manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling Counterfeit Products to consumers located in the U.S., including New York, through their Merchant Storefronts. (Arnaiz Dec., ¶¶ 6-10, Ex. A; Conway Dec., ¶¶ 18-20; Scully Dec., ¶¶ 3, 19-20, Ex. A.)  Defendants' aforementioned actions have caused and will continue to cause irreparable harm to Plaintiff's goodwill and reputation as well as to the unassuming consumers who will continue to believe that Defendants' inferior and potentially dangerous Counterfeit Products are authorized, sponsored, approved, endorsed and/or licensed by Plaintiff, when, in fact, they are not. (Conway Dec., ¶ 25.)

Plaintiff's request for *ex parte* relief is particularly necessary because if Defendants receive notice of this Lawsuit, it is highly likely that they will transfer, conceal and/or destroy 1) the Counterfeit Products, 2) the means of making or obtaining such Counterfeit Products, 3) business records and 4) any and all other evidence relating to their infringing activities. (Scully Dec., ¶ 12.) Moreover, they will likely hide or dispose of Defendants' Assets. *Id*.  In light of the foregoing, and considering that it typically takes noticed Financial Institutions and/or Third Party Service Providers a minimum of five (5) days to locate, attach and freeze Defendants' Assets and/or Defendants' Financial Accounts, Plaintiff respectfully requests that the Court order bifurcated service specifically allowing enough time for the Financial Institutions and/or Third Party Service Providers to comply with the TRO before ordering service on Defendants.

## II.   STATEMENT OF RELEVANT FACTS

The facts are contained in the factual declarations of Laurie Conway and Jessica Arnaiz and the attorney summarizing declaration of Brieanne Scully, plus accompanying exhibits. *See* Conway Dec.; Arnaiz Dec.; Scully Dec.; Complaint, Exs. A-C.  In the interest of brevity, any factual discussion is contained in the legal analysis below.[3]

## III.   ARGUMENT

### A.   THIS COURT HAS PERSONAL JURISDICTION OVER DEFENDANTS

Determining personal jurisdiction over a foreign defendant in a federal question case requires a two-step inquiry.  First, courts must look to the law of the forum state to determine whether personal jurisdiction will lie. *Licci v. Lebanese Canadian Bank*, 732 F.3d 161, 168 (2d Cir. 2013) (citing *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 242 (2d Cir. 2007)).  Second, if jurisdiction lies, the court then considers whether the district court's exercise of personal jurisdiction over a foreign defendant comports with due process protections established under the United States Constitution. *See id.*; *see also Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  As alleged herein, Defendants' unlawful counterfeiting and infringing activities subject them to long-arm jurisdiction in New York under N.Y. C.P.L.R. § 302(a)(1).[4]  Furthermore, New York's exercise of jurisdiction over Defendants thereunder comports with due process.

---

[3] Although Plaintiff acknowledges that it seeks multiple forms of relief, in the interest of brevity and with respect for the Individual Rules and Practices in Civil Cases of each District Judge in the Southern District of New York, Plaintiff respectfully submits this memorandum of law in support of its Application.  Plaintiff will promptly provide supplemental briefing and/or oral argument on any issue should the Court request it.

[4] Plaintiff respectfully submits that Defendants are also subject to jurisdiction under § 302(a)(3). *See Energy Brands Inc. v. Spiritual Brands, Inc.*, 571 F. Supp. 2d 458, 470 (S.D.N.Y. 2008).  However, this alternative analysis is omitted for brevity.  Plaintiff will promptly provide supplemental briefing and/or oral argument on any issue should the Court request it.

1. **Defendants are Subject to Personal Jurisdiction Under N.Y. C.P.L.R. § 302(a)(1)**

Under § 302(a)(1), there are two requirements that must be met to establish personal jurisdiction: "(1) [t]he defendant must have transacted business within the state; and (2) the claim asserted must arise from that business activity." *Licci*, 732 F.3d at 168 (quoting *Solé Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC*, 450 F.3d 100, 103 (2d Cir. 2006)). In applying the test for the "transacts business" prong of § 302(a)(1), "New York decisions … tend to conflate the long-arm statutory and constitutional analyses by focusing on the constitutional standard," ergo, "a defendant need not be physically present in New York to transact business there within the meaning of [this first prong]," so long as the defendant has engaged in "purposeful activity," for example, "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 169-71 (2d Cir. 2010) (quoting *Best Van Lines, Inc.*, 490 F.3d at 246-247) (internal quotation marks omitted). The second prong of § 302(a)(1) requires an "articulable nexus or substantial relationship between the business transaction and the claim asserted," however, "a causal relationship between the business transaction and the claim asserted" is not required. *Gucci Am., Inc. v. Weixing Li*, 135 F. Supp. 3d 87, 93 (S.D.N.Y. 2015) (citations omitted) (internal citations omitted) (internal quotation marks omitted). Rather, it is sufficient that "the latter is not completely unmoored from the former." *Id.*

In determining whether a party has "transacted business," New York courts must look at the totality of the circumstances concerning the party's interactions with, and activities within, the state. *Citigroup Inc. v. City Holding Co.*, 97 F. Supp. 2d 549, 565 (S.D.N.Y. 2000). Whether the exercise of personal jurisdiction is permissible in the context of Internet activity is "directly proportionate to the nature and quality of commercial activity that an entity conducts over the

Internet." *Id.* Courts in this Circuit have regularly conferred personal jurisdiction on a given defendant based on that defendant's operation of a fully interactive website through which consumers can access the site from anywhere and purchase products, as is the case with Defendants' User Accounts and Merchant Storefronts, and allow for customers all over the world to communicate with Defendants and view and purchase products, including Counterfeit Products, as demonstrated by the checkout pages completed by NAL and NAL's purchase of Counterfeit Products. (Arnaiz Dec., ¶¶ 8-11, Exs. A-B;) *see also Chloe*, 616 F.3d at 170.

This Circuit has exercised jurisdiction over defendants under § 302(a)(1) where such defendants regularly offer for sale and sell goods through online marketplaces, "even though Defendants do not control their [] 'storefront' or its interactivity to the same extent that they control their own highly interactive website." *Lifeguard Licensing Corp. v. Ann Arbor T-Shirt Co., LLC*, No. 15 Civ. 8459 (LGS), 2016 U.S. Dist. LEXIS 89149 *7 (S.D.N.Y. July 8, 2016) (quoting *EnviroCare Techs., LLC v. Simanovsky*, No. 11-CV-3458(JS)(ETB), 2012 U.S. Dist. LEXIS 78088 *8 (E.D.N.Y. June 4, 2012).[5] Jurisdiction is proper "for internet sellers who use an internet storefront like Amazon," when the Internet sellers are "commercial vendors who use it 'as a means for establishing regular business with a remote forum.'" *Id.* at *8. In *Lifeguard Licensing Corp.*, Judge Schofield held that a "website that does more than provide information about a product and allows customers to purchase goods online, is a 'highly interactive website,' which may provide a basis for personal jurisdiction under CPLR § 302(a)." *Id.* at *7. (citing *Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 170 (2d Cir. 2010) and *Grand v. Schwartz*, No. 15 Civ. 8779, 2016 U.S. Dist. LEXIS 61606 at *3 (S.D.N.Y. May 1, 2016) (holding that interactive commercial websites provides support for jurisdiction pursuant to CPLR § 302(a)(1))). Moreover, "[r]egularly

---

[5] *See also supra* fn. 5.

offering and selling goods via an online marketplace such as Amazon.com can provide a basis for personal jurisdiction under CPLR § 302(a), even though Defendants do not control their Amazon.com 'storefront' or its interactivity to the same extent that they control their own highly interactive website." *Id.* at *8. If a defendant

> wishes to operate an interactive website accessible in New York, there is no inequity in subjecting [that defendant] to personal jurisdiction here. If [a defendant] does not want its website to subject it to personal jurisdiction here, it is free to set up a passive website that does not enable [that defendant] to transact business in New York.

*Thomas Publ'g Co. v. Indus. Quick Search*, 237 F. Supp. 2d 489, 492 (S.D.N.Y. 2002).[6]

---

[6]This Court has repeatedly found personal jurisdiction over defendants based in China who are operating Merchant Storefronts on online marketplace platforms, such as Alibaba, AliExpress, Wish and eBay. *See, e.g.*, *Allstar Marketing Group, LLC v. activate2011store, et al.*, 19-cv-4204-KPF (S.D.N.Y. May 9, 2019); *Allstar Marketing Group, LLC v. Alice Wonder Household (Shanghai) Co., Ltd.*, 19-cv-4208-KPF (S.D.N.Y. May 9, 2019); *Allstar Marketing Group, LLC v. 545756338, et al.*, 19-cv-4209-KPF (S.D.N.Y. May 9, 2019); *Allstar Marketing Group, LLC v. Learns babyshop, et al.*, 19-cv-4211-KPF (S.D.N.Y. May 9, 2019); *Spin Master Ltd., et al v. Alvy, et al.*, No. 19-cv-3452-LGS (S.D.N.Y. Apr. 24, 2019); *Allstar Marketing Group, LLC v. 178623, et al.*, 19-cv-3186-AJN (S.D.N.Y. Apr. 10, 2019); *Allstar Marketing Group, LLC v. 123 Beads Store, et al.*, 19-cv-3184-AJN (S.D.N.Y. Apr. 10, 2019); *Allstar Marketing Group, LLC v. bigbigdream320, et al.*, 19-cv-3182-AJN (S.D.N.Y. Apr. 10, 2019); *Off-White LLC v. Amazon001, et al.*, No. 19-cv-2067-JMF (S.D.N.Y. Mar. 7, 2019); *Off-White LLC v. Ali Jr., et al.*, No. 19-cv-1775-PAE (S.D.N.Y. Feb. 26, 2019); *Off-White LLC v. Adagio, et al.*, No. 19-cv-676-RA (S.D.N.Y. Jan. 24, 2019); *Off-White LLC v. Baoding Springru Trade Co., Ltd., et al.*, No. 19-cv-674-RA (S.D.N.Y. Jan. 24, 2019); *Off-White LLC v. 5hk5584, et al.*, No. 19-cv-672-RA (S.D.N.Y. Jan. 24, 2019); *Mattel, Inc. v. 2012shiningroom2012, et al.*, No. 18-cv-11648-PKC (S.D.N.Y. Dec. 13, 2018); *Mattel, Inc. v. 2013CheapBuy, et al.*, No. 18-cv-11647-PKC (S.D.N.Y. Dec. 13, 2018); *Mattel, Inc. v. betterlover, et al.*, No. 18-cv-11644-PKC (S.D.N.Y. Dec. 13, 2018); *Skyrocket, LLC d/b/a Skyrocket Toys LLC v. 5ATOY Store, et al.*, No. 18-cv-11280-AT (S.D.N.Y. Dec. 4, 2018); *Skyrocket, LLC d/b/a Skyrocket Toys LLC v. 2791383638, et al.*, No. 18-cv-11279-AT (S.D.N.Y. Dec. 4, 2018); *Spin Master Ltd. and Spin Master, Inc. v. 21CCN, et al.*, No. 18-cv-11086-RA (S.D.N.Y. Nov. 29, 2018); *Spin Master Ltd. and Spin Master, Inc. v. 13385184960@163.com, et al.*, Case No. 18-cv-10524-LGS (S.D.N.Y. Nov. 13, 2018); *Mattel, Inc. v. 276470, et al.*, No. 18-cv-10440-KPF (S.D.N.Y. Nov. 9, 2018); *Mattel, Inc. v. Aaron's Fashion Store, et al.*, Case No. 18-cv-10437-KPF (S.D.N.Y. Nov. 9, 2018); *Mattel, Inc. v. 1994_honeymoon, et al.*, No. 18-cv-10427 (S.D.N.Y. Nov. 9, 2018); *Ideavillage Products Corp. v. OhmyGod 1, et al.*, No. 18-cv-9999-RA (S.D.N.Y. Nov. 15, 2018); *Ideavillage Products Corp. v. 1yuyan1, et al.*, No. 18-cv-10000-NRB (S.D.N.Y. Oct. 30, 2018); *Moose Toys Pty LTD, et al. v. adition, et al.*, No. 18-cv-9262-AJN (S.D.N.Y. Oct. 10, 2018); *Allstar Marketing Group, LLC v. 24x7, et al.*, No. 18-cv-9043-JSR (S.D.N.Y. Oct. 3, 2018); *Mattel, Inc. v. 162275898, et al.*, No. 18-cv-8821-AJN (S.D.N.Y. Sept. 26, 2018); *WOW Virtual Reality, Inc. v. 2013\*passionate, et al.*, No. 18-cv-8071-VEC (S.D.N.Y. Sept. 5, 2018); *Ideavillage Products Corp. v. 711market, et al.*, No. 18-cv-7832-JMF (S.D.N.Y. Aug. 28, 2018); *Tapestry, Inc., et al. v. baoqingtianff, et al.*, No. 18-cv-7650-PAE (S.D.N.Y. Aug. 22, 2018); *Ideavillage Products Corp. v. longteng, et al.*, No. 18-cv-7329-AT (S.D.N.Y. Aug. 14, 2018); *Ideavillage Products Corp. v. 666668, et al.*, No. 18-cv-6850-CM (S.D.N.Y. July 31, 2018); *William Mark Corporation v. 1104520362, et al.*, No. 18-cv-6715-PAC (S.D.N.Y. July 26, 2018); *Ideavillage Products Corp. v. 207058772, et al.*, No. 18-cv-6512-VM (S.D.N.Y. July 19, 2018); *Ideavillage Products Corp. v. 29shyans2012, et al.*, No. 18-cv-6266-AT (S.D.N.Y. July 11, 2018); *Off-White v. 6014350 et al.*, No. 18-cv-5322-GBD (S.D.N.Y. June 13, 2018); *Intenze Products, Inc. v. 1586, et al.*, No. 18-cv-4611-RWS (S.D.N.Y. May 24, 2018); *William Mark Corporation v. 1&cc, et al.*, No. 18-cv-3889-RA (S.D.N.Y. May 2, 2018);

Further, in *EnviroCare Techs.*, the court held that "if a website is interactive and allows a buyer in New York to submit an order online, courts typically find that the website operator is 'transacting business' in New York and is therefore subject to the court's jurisdiction." 2012 U.S. Dist. LEXIS 78088 at *9 (citing *Hsin Ten Enter. USA, Inc. v. Clark Enters.*, 138 F. Supp. 2d 449, 456 (S.D.N.Y. 2000) ("Generally, an interactive website supports a finding of personal jurisdiction over the defendant.")) Similarly, in *Chloe, supra*, the Second Circuit found that while the single act of shipping a counterfeit product might be sufficient to subject him to the jurisdiction of a New York court, it did not need to delve into such an inquiry as the defendant "operated a highly interactive website offering [counterfeit products] for sale to New York consumers." *Chloe*, 616 F.3d 158, 170.

In some circumstances, courts in the Second Circuit have found that "[t]he offering for sale of even one copy of an allegedly infringing item, even if no sale results, is sufficient to give personal jurisdiction over the alleged infringer under N.Y. CPLR § 302(a), subd. 1, 2 and 3." *Cartier v. Seah LLC*, 598 F. Supp. 2d 422, 425 (S.D.N.Y. 2009). In *McGraw-Hill Global Educ. Holdings LLC v. Khan*, 323 F. Supp. 3d 488 (S.D.N.Y. 2018), this Court found personal jurisdiction where the defendant's website was "interactive" and allowed a buyer to submit an order online. *McGraw-Hill* cited to *Audiovox Corp v. S. China Enter., Inc.*, 2012 U.S. Dist. LEXIS 104656 at *3 (S.D.N.Y. Jul. 26, 2012) for the proposition that "if a website is interactive and allows a buyer in New York to submit an order online, courts typically find that the website operator is

---

*WOW Virtual Reality, Inc. v. Bienbest, et al.,* No. 18-cv-3305-VEC (S.D.N.Y. April 16, 2018); *Ideavillage Products Corp. v. abc789456, et al.,* No. 18-cv-2962-NRB (S.D.N.Y. April 11, 2018); *Ideavillage Products Corp. v. Aarhus, et al.,* No. 18-cv-2739-JGK (S.D.N.Y. April 11, 2018); *Moose Toys Pty Ltd. et al., v. 963, et al.,* No. 18-cv-2187-VEC (S.D.N.Y. April 2, 2018); *Off-White, LLC v. A445995685, et al.,* No. 18-cv-2009-LGS (S.D.N.Y. March 27, 2018); *Spin Master Ltd. and Spin Master, Inc. v. 158, et al.,* No. 18-cv-1774-PAE (Feb. 27, 2018); *JLM Couture, Inc. v. Aimibridal, et al.,* No. 18-cv-1565-JMF (S.D.N.Y. Feb. 21, 2018); *Spin Master Ltd. and Spin Master, Inc. v. Alisy, et al.,* No. 18-cv-543-PGG (S.D.N.Y. Jan. 22, 2018); *WowWee Group Limited, et al. v. Meirly, et al.,* No. 18-cv-706-AJN (S.D.N.Y. Jan. 26, 2018); *Ideavillage Products Corp. v. Dongguan Shipai Loofah Sponge Commodity Factory, et al.,* No. 18-cv-901-PGG (S.D.N.Y. Feb. 1, 2018).

'transacting business' in New York and is therefore subject to the court's jurisdiction." *See also*, *Hsin Ten Enter.*, 138 F. Supp. 2d 449, 456 ("Generally, an interactive website supports a finding of personal jurisdiction over the defendant.").

Here, Defendants operate interactive Merchant Storefronts on Alibaba and AliExpress, allowing New York consumers to inquire and communicate with Defendants, purchase goods, including Counterfeit Products, by and through Defendants' listings, and upon completion of a sale, ship goods to New York.  The fact that Defendants have chosen to open their respective User Accounts for the purpose of selling Counterfeit Products through their Merchant Storefronts alone supports a finding that Defendants have intentionally used Alibaba and AliExpress "as a means for establishing regular business with a remote forum." *EnviroCare Techs., LLC*, 2012 U.S. Dist. LEXIS 78088 at *10 (quoting *Boschetto v. Hansing*, 539 F.3d 1011, 1019 (9th Cir. 2008)). Moreover, the fact that Defendants are offering the Counterfeit Products through their Merchant Storefronts at significantly below-market prices coupled with the fact that most of their User Accounts reflect multiple sales to consumers across the world, including repeat sales to consumers in the U.S., confirms that Defendants are sophisticated sellers operating commercial businesses through Alibaba and AliExpress, such that they are subject to jurisdiction. *Id*. at *10.

It is highly likely that Defendants have shipped Counterfeit Products to consumers in New York based on the following: 1) NAL completed a checkout page for an order of Counterfeit Products from each and every Defendant through an account associated with one of the New York Addresses and/or provided one of the New York Addresses as the shipping address, 2) NAL purchased Counterfeit Products from a representative sampling of Defendants to New York, 3) and all Defendants accept payment in U.S. dollars. (Arnaiz Dec., ¶¶ 8-11, Exs. A-B.)

Nevertheless, whether a defendant physically shipped Counterfeit Products into New York

is not determinative of whether personal jurisdiction exists, as courts in this Circuit examine a given defendant's online interactions with consumers in considering whether a particular defendant has transacted business in the forum state under § 302(a)(1). *Rolex Watch, U.S.A., Inc. v. Pharel*, 2011 U.S. Dist. LEXIS 32249, at * 6 (E.D.N.Y. Mar. 11, 2011). Plaintiff, Plaintiff's counsel and NAL have viewed Defendants' Counterfeit Products via their online User Accounts and Merchant Storefronts. (Arnaiz Dec., ¶ 7; Conway Dec., ¶ 20; Scully Dec., ¶¶ 19-20, Ex. A.) NAL then completed checkout pages for Counterfeit Products by providing one of the New York Addresses as the shipping address.[7] (Arnaiz Dec., ¶¶ 8-10, Ex. A.)   Further, NAL purchased Counterfeit Products from a representative sampling of Defendants into New York. (Arnaiz Dec. ¶ 11, Ex. B.) Thus, Defendants' sophisticated commercial operations, specifically including their offering for sale and/or selling of Counterfeit Products through their highly interactive User Accounts and Merchant Storefronts on Alibaba and AliExpress, NAL's completion of checkout pages with one of the New York Addresses, NAL's purchase of Counterfeit Products, along with Defendants' own representations on their Merchant Storefronts that they ship Counterfeit Products to the U.S., including New York, unequivocally establishes that Defendants conduct business within this District and the claims in this suit arise from Defendants' business dealings and transactions with consumers in New York.[8] (Arnaiz Dec., ¶¶ 6-11, Exs. A-B.)

---

[7] Under case law of the Second Circuit, when analyzing personal jurisdiction in the Internet context, "traditional statutory and constitutional principles remain the touchstone of the inquiry", and while a website's interactivity, "may be useful" for analyzing personal jurisdiction 'insofar as it helps to decide whether the defendant 'transacts any business' in New York,'" ... "it does not amount to a separate framework for analyzing internet-based jurisdiction." *Best Van Lines, Inc.*, 490 F.3d at 252 (quoting *Best Van Lines, Inc. v. Walker*, No. 03 Civ. 6585 (GEL), 2004 U.S. Dist. LEXIS 7830, at *9 (S.D.N.Y. May 4, 2004) (internal citation omitted)).

[8] Plaintiff respectfully submits that the Court has jurisdiction pursuant to Fed. R. Civ. P. 4(k)(2), which "provides for jurisdiction over a defendant if a claim arises under federal law, if the defendant is not subject to jurisdiction of the courts of general jurisdiction of any state, and if the exercise of jurisdiction is consistent with the Constitution and laws of the United States." *Lechner v. Marco-Domo Intnationales Interieur GmbH*, No. 03 Civ. 5664 (JGK), 2005 U.S. Dist. LEXIS 4022, *8 (S.D.N.Y. Mar. 10, 2005).

**2.  Exercising Personal Jurisdiction Over Defendants Comports with Due Process**

Asserting personal jurisdiction over Defendants also comports with the Due Process Clause of the U.S. Constitution, as Defendants have "certain minimum contacts … such that maintenance of th[is] suit does not offend 'traditional notions of fair play and substantial justice.'" *Calder v. Jones*, 465 U.S. 783, 788 (1984) (quoting *Milliken v. Meyer*, 311 U.S. 457 (1940)).  Defendants intentionally directed activity towards the New York market, thereby purposefully availing themselves of "the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (U.S. 1985).  *See Best Van Lines, Inc.*, 490 F.3d at 243. (Arnaiz Dec., ¶¶ 8-11, Exs. A-B.)  Moreover, "as a practical matter, the Due Process Clause permits the exercise of jurisdiction in a broader range of circumstances of N.Y. C.P.L.R. § 302, and a foreign defendant meeting the standards of § 302 will satisfy the due process standard." *Energy Brands Inc. v. Spiritual Brands, Inc.*, 571 F. Supp. 2d 458, 469 (S.D.N.Y. 2008).  Accordingly, Plaintiff respectfully submits that this Court has personal jurisdiction over Defendants in this action.

**B.  PLAINTIFF IS ENTITLED TO AN *EX PARTE* TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Here, an *ex parte* order is essential to prevent immediate and irreparable injury to Plaintiff. A temporary restraining order may be granted without written or oral notice to the opposing party or that party's counsel where "it clearly appears from the specific facts shown by affidavit . . . that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition." Fed. R. Civ. P. 65(b).  Section 34 of the Lanham Act expressly authorizes this Court to issue *ex parte* restraining orders "with respect to a violation [of the Act] that consists of using a counterfeit mark in connection with the sale, offering

for sale, or distribution of goods." 15 U.S.C. § 1116(d)(1)(a).[9]

Once a violation of the Lanham Act is demonstrated, the issuance of an *ex parte* order is appropriate upon showing that: (i) the plaintiff will provide adequate security; (ii) any order other than an *ex parte* order is not adequate to achieve the purposes of 15 U.S.C. § 1114; (iii) the plaintiff has not publicized the requested *ex parte* order; (iv) the plaintiff is likely to succeed on showing that defendants are using counterfeit marks; (v) an immediate and irreparable injury will occur if such *ex parte* order is not granted; (vi) the materials to be seized will be located at the place identified in the application; (vii) the harm to the plaintiff in denying the application outweighs the harm to defendants in granting the order and (viii) if prior notice was given, defendants would destroy, move, hide or otherwise make such matter inaccessible to the court. 15 U.S.C. § 1116(d)(4)(B).  As discussed below, Plaintiff meets each of the relevant criteria for the issuance of an *ex parte* temporary restraining order under the Lanham Act.[10]

An *ex parte* temporary restraining order is particularly warranted in cases, such as the instant one, involving offshore counterfeiters who conceal their identities and engage in unlawful and harmful activities over the Internet to avoid revealing their actual locations and identities. (Scully Dec., ¶¶ 12-13, 25-26.)  Defendants, who, upon information and belief, are located in China and operate their businesses exclusively over the Internet, knowingly and willfully offer for sale and/or sell Counterfeit Products through their User Accounts and on their Merchant Storefronts on Alibaba and AliExpress. (Arnaiz Dec., ¶¶ 6-7, Ex. A; Conway Dec., ¶¶ 18-20; Scully Dec., ¶ 3.)

---

[9] Congress' purpose for enacting such *ex parte* remedies was to ensure that courts were able to effectively exercise their jurisdiction in counterfeiting cases and to prevent counterfeiters given prior notice from disappearing or quickly disposing of infringing inventory or records relating to their counterfeiting and illegal actions. *See* Senate-House Joint Explanatory Statement on trademark Counterfeiting Legislation, 130 Cong. Rec. H12076, at 12080 (Oct. 10, 1984).
[10] Plaintiff has expressed its willingness to provide security in conjunction with the *ex parte* relief it seeks. *See* [Proposed] Order, filed herewith.  Plaintiff has certified that it has not publicized this Application. (Conway Dec., ¶ 27.) Also, since Defendants' location and the location of the Counterfeit Products are unclear, Plaintiff is not requesting a seizure order in this Application. (Scully Dec., ¶¶ 12-13, 25-26.)

The covert nature of Defendants and their counterfeiting activities make any order other than an *ex parte* temporary restraining order an exercise in futility.  The immediate and irreparable harm to Plaintiff's business and reputation, as well as to the goodwill associated with the Slinky Marks, in denying its Application for an *ex parte* temporary restraining order greatly outweighs the harm to Defendants' interests in continuing to offer for sale and sell Counterfeit Products. (Conway Dec., ¶ 25.)

"To obtain a preliminary injunction, a plaintiff must establish: '(1) the likelihood of irreparable injury in the absence of such an injunction, and (2) either (a) likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation plus a balance of hardships tipping decidedly' in its favor.'" *Louis Vuitton Malletier v. Burlington Coat Factory Warehouse Corp.*, 426 F.3d 532, 537 (2d Cir. 2005) (quoting *Federal Express Corp. v. Federal Espresso, Inc.*, 201 F.3d 168, 173 (2d Cir. 2000)).  The "standards which govern consideration of an application for a temporary restraining order… are the same standards as those which govern a preliminary injunction." *Local 1814, Int'l Longshoremen's Ass'n v. N.Y. Shipping Ass'n, Inc.*, 965 F.2d 1224, 1228 (2d Cir. 1992).  Plaintiff meets the standard for a preliminary injunction and the Court should enter a temporary restraining order.

**1. Plaintiff Will Suffer Irreparable Harm in the Absence of an Injunction Leaving Plaintiff with No Adequate Remedy at Law**

Defendants' infringing activities must be stopped immediately to prevent any further harm to Plaintiff.  Not only does Plaintiff stand to suffer lost profits as a result of Defendants' competing, substandard Counterfeit Products, Defendants' illicit activities destroy the inherent value of the Slinky Marks, impair Plaintiff's reputation, dilute Plaintiff's brands and goodwill and negatively affect Plaintiff's relationships with its current customers as well as its ability to attract new customers. (Conway Dec., ¶ 25.)  While courts may no longer presume irreparable harm upon a

finding of infringement, "[i]rreparable harm exists in a trademark case when the party seeking the injunction shows that it will lose control over the reputation of its trademark . . . because loss of control over one's reputation is neither 'calculable nor precisely compensable.'" *U.S. Polo Ass'n, Inc. v. PRL USA Holdings, Inc.*, 800 F.Supp.2d 515, 540 (S.D.N.Y. 2011). Further, a plaintiff may still demonstrate that "on the facts of the case, the failure to issue an injunction would actually cause irreparable harm." *Salinger v. Colting*, 607 F.3d 68, 82 (2d Cir. 2010) (citing *eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 393 (2006)).

This Circuit recognizes that irreparable harm sufficient to warrant a preliminary injunction exists where a defendant injected counterfeit versions of a plaintiff's products into the market. *CJ Prods. LLC v. Snuggly Plushez LLC*, 809 F. Supp. 2d 127, 145 (E.D.N.Y. 2011). Here, Defendants have sold substandard Counterfeit Products that look remarkably similar, if not identical, to the Slinky Products and which embody, bear and/or incorporate the Slinky Marks and/or identical or confusingly similar marks, thereby resulting in lost sales and impairing Plaintiff's "reputation that it has achieved through the expenditure of considerable time and effort." *Mitchell Grp. USA LLC v. Udeh*, No. 14-cv-5745, 2015 U.S. Dist. LEXIS 18801 at *8 (E.D.N.Y. Feb. 17, 2015) (quoting *N. Atl. Operating Co. v. Evergreen Distribs., LLC*, No. 13-CV-4974 (ERK) (VMS), 2013 U.S. Dist. LEXIS 147835, at *37 (E.D.N.Y. Sep. 27, 2013)). (Conway Dec., ¶¶ 18-25; Scully Dec., ¶¶ 19-20, Ex. A.)

Moreover, Defendants' counterfeiting and infringing activities deny Plaintiff of its fundamental right to control the quality of the goods sold under the Slinky Marks. *Zino Davidoff SA v. CVS Corp.*, 571 F.3d 238, 243 (2d Cir. 2009). Defendants are offering their substandard Counterfeit Products in wholesale quantities and at significantly below-market prices with which Plaintiff cannot compete given the high-quality materials and construction necessary to

manufacture the Slinky Products. (Conway Dec., ¶¶ 22-23;)  *see also Zino Davidoff SA*, 71 F.3d 244.

Also, because Defendants' substandard Counterfeit Products are virtually indistinguishable from the Slinky Products, not only could any injury to consumers that results from use of Defendants' substandard Counterfeit Products be attributed to Plaintiff, thereby causing irreparable harm to Plaintiff in the form of unquantifiable lost sales, loss of goodwill and loss of control of its reputation with authorized licensees, retailers and consumers, but Plaintiff would also potentially be exposed to legal liability for any such injury to consumers. (Conway Dec., ¶¶ 24-25; Scully Dec., ¶¶ 19-20, Ex. A.)  Thus, this factor weighs heavily in Plaintiff's favor.

### 2.  **Plaintiff is Likely to Prevail on the Merits of Its Lanham Act Claims**

In order to establish a likelihood of success on trademark counterfeiting and infringement claims, a plaintiff must show: (1) that its marks are valid and entitled to protection, and (2) that defendants' use of plaintiff's marks is likely to cause confusion. *Tiffany (NJ) Inc. v. eBay, Inc.*, 600 F.3d 93 (2d Cir. 2010).

First, the U.S. Trademark Registration certificates submitted in conjunction with this Application provide *prima facie* evidence of both the validity of the Slinky Marks as well as Plaintiff's ownership of the same. 15 U.S.C. § 1057(b). (Conway Dec., ¶ 9, Ex. A.)

Second, a proper likelihood of confusion inquiry generally involves an analysis of the factors set forth in *Polaroid Corp. v. Polarad Elecs. Corp*. 287 F.2d 492, 495 (2d Cir. 1961).  Yet, "where counterfeit marks are involved, it is not necessary to conduct the step-by-step examination of each *Polaroid* factor because counterfeit marks are inherently confusing." *Fendi Adele S.R.L. v. Filene's Basement, Inc.*, 696 F. Supp. 2d 368, 383 (S.D.N.Y. 2010) (internal citations omitted).

Instead, "[t]he court need only determine the more fundamental question of whether there are items to be confused in the first place -- that is, whether the items at issue . . . are, in fact, counterfeit and whether [d]efendants sold those items, or offered those items for sale." *Id.* at 383 (internal citations omitted). Regardless, even if a *Polaroid* analysis were necessary, a straightforward application of the test demonstrates that likelihood of confusion exists in this case.

Finally, because Plaintiff has shown that it is likely to prevail on its trademark counterfeiting and trademark infringement claims, it has also shown that it likely will prevail on its claims for false designation of origin, passing off and unfair competition. *Richemont N. Am., Inc. v. Linda Lin Huang*, No. 12 Civ. 4443 (KBF), 2013 U.S. Dist. LEXIS 136790, at *14-16 n.15 (S.D.N.Y. Sep. 24, 2013).

### 3. Plaintiff is Likely to Prevail on Its State Law Claims

Because Plaintiff has shown a likelihood of success on its Lanham Act claims, Plaintiff has also shown a likelihood of success on its unfair competition and unjust enrichment claims under New York State law. *N. Am. Olive Oil Ass'n v. Kangadis Food Inc.*, 962 F. Supp. 2d 514, 521 (S.D.N.Y. 2013).

### 4. The Balance of Hardships Favors Plaintiff

The balance of hardships unquestionably and overwhelmingly favors Plaintiff. Here, as described above, Plaintiff has suffered, and will continue to suffer, irreparable harm to its business, the value, goodwill and reputation built up in and associated with the Slinky Marks and to its reputation as a result of Defendants' willful and knowing sales of substandard imitations of the Slinky Products. (Conway Dec., ¶ 25.) Any harm to Defendants would only be the loss of Defendants' ability to continue to offer their Counterfeit Products for sale, or, in other words, the loss of the benefit of being allowed to continue to unfairly profit from their illegal and infringing

activities. "Indeed, to the extent defendants 'elect[] to build a business on products found to infringe[,] [they] cannot be heard to complain if an injunction against continuing infringement destroys the business so elected." *Broad. Music, Inc. v. Prana Hosp.*, Inc., 158 F. Supp. 3d 184, 196 (S.D.N.Y. 2016) (internal citation omitted).

### 5.  **Enjoining Defendants from Using the Slinky Marks Will Serve the Public Interest**

The public interest will be served by the issuance of a temporary restraining order and preliminary injunction, as "the public has an interest in not being deceived—in being assured that the mark it associates with a product is not attached to goods of unknown origin and quality." *N.Y.C. Triathlon, LLC v. NYC Triathlon Club, Inc.*, 704 F. Supp. 2d 305, 344 (S.D.N.Y. 2010). Here, the public has an interest in being able to rely on the high quality of the Slinky Products bearing and/or sold in connection with the Slinky Marks. (Conway Dec., ¶ 22; Scully Dec., ¶¶ 19-20, Ex. A.)  Since Defendants have willfully and knowingly inserted substandard Counterfeit Products into the marketplace, the public would benefit from a temporary restraining order and preliminary injunction halting any further sale and distribution of Defendants' Counterfeit Products. (Arnaiz Dec., ¶¶ 6-7, Ex. A; Scully Dec., ¶¶ 19-20, Ex. A.)

### C.  **PLAINTIFF IS ENTITLED TO AN ORDER 1) PREVENTING THE FRAUDULENT TRANSFER OF ASSETS AND 2) FREEZING DEFENDANTS' MERCHANT STOREFRONTS**

### 1.  **Defendants' Assets Must be Frozen**

Considering the nature of Defendants' counterfeiting businesses, and Plaintiff's showing that it has a high likelihood of succeeding on the merits of all of its claims, Plaintiff will be entitled to an equitable accounting of Defendants' profits from their sales of Counterfeit Products. Plaintiff's request for an asset freeze order granting Plaintiff information regarding the location of Defendants' Assets, the attachment of Defendants' Assets and an injunction preventing the transfer

from or to Defendants' Financial Accounts by the Financial Institutions and Third Party Service Providers is both necessary and appropriate, and is within this Court's discretion to preserve Plaintiff's right to the relief sought in the Complaint. *See* 15 U.S.C. § 1117(a).[11]

District courts have "authority to freeze those assets which could [be] used to satisfy an equitable award of profits." *North Face Apparel Corp. v. TC Fashions, Inc.*, 2006 U.S. Dist LEXIS 14226, at *10 (S.D.N.Y. Mar. 30, 2006) (internal citation omitted). In doing so, a court "may exempt any particular assets from the freeze on the ground that they [are] not linked to the profits of allegedly illegal activity." *Id.* at *11. The onus is on "the party seeking relief [from any such asset freeze] to 'present documentary proof'" that its profits aren't from such illegal activity. *Id.*

Under 15 U.S.C. § 1117(a) and 17 U.S.C. § 504(b), a plaintiff in an action arising thereunder is entitled to recover a defendant's profits derived from the counterfeiting and/or infringement and/or plaintiff's damages. *See Gucci Am. v. Bank of China*, 768 F.3d 122, 131-132 (2d Cir. 2014) (A copyright and/or trademark "infringer is required in equity to account for and yield up his gains to the true owner," and "profits are then allowed as an equitable measure of compensation."). Specifically, with respect to claims involving the infringement of federally registered copyrighted works and/or those arising under the Lanham Act, it has been established in this Circuit, as well as sister circuits, that district courts have the authority to issue a prejudgment asset restraint injunction in favor of plaintiffs seeking an accounting and/or another equitable remedy against allegedly infringing defendants. *Warner Bros. Entm't Inc. v. Doe,* No. 14-CV-3492 (KPF), 2014 U.S. Dist. LEXIS 190098 (S.D.N.Y. May 29, 2014).

---

[11] *See also, e.g., Balenciaga Am., Inc. v. Dollinger*, No. 10 Civ. 2912 (LTS), 2010 U.S. Dist. LEXIS 107733, at *22 (S.D.N.Y. Oct. 8, 2010).

An asset freeze in the instant matter is unquestionably warranted because Defendants, who are foreign individuals and/or entities based in China, are manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling Counterfeit Products to U.S. consumers solely via the Internet, and accepting payment for such Counterfeit Products in U.S. Dollars through Financial Institutions, thereby causing irreparable harm to Plaintiff in the form of lost sales, loss of goodwill and loss of control of its reputation with licensees, retailers and consumers, and can, and most certainly have the incentive to, transfer and hide their ill-gotten funds if their assets are not frozen. (Arnaiz Dec., ¶¶ 6-11, Ex. A; Conway Dec., ¶ 25.) *see also Dama S.P.A. v. Doe*, No. 15-cv-4528 (VM), 2015 U.S. Dist. LEXIS 178076, at *4-6 (S.D.N.Y. June 12, 2015).[12]   Therefore, Plaintiff respectfully submits that this Court should exercise its inherent equitable power and freeze Defendants' Assets and Defendants' Financial Accounts for the purpose of preserving Defendants' funds and ensuring that a meaningful accounting of their profits can be made.[13]

## 2. **Defendants' User Accounts and Merchant Storefronts Must be Frozen**

A temporary restraining order which, in part, restrains the Third Party Service Providers from providing services to Defendants' User Accounts and Merchant Storefronts is warranted and necessary because the continued offering for sale and/or sale of the Counterfeit Products by Defendants on their Merchant Storefronts will result in immediate and irreparable injury to Plaintiff. *Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 126 (2d Cir. 2014); *AW Licensing, LLC v. Bao*, No. 15-CV-1373, 2015 U.S. Dist. LEXIS 177101, at *3 (S.D.N.Y. Apr. 1, 2015).

---

[12] *See also supra* fn. 2.
[13] Upon the entering of an asset freeze, Plaintiff also requests that the Court Order Defendants and/or the Financial Institutions and/or the Third Party Service Providers to immediately identify Defendants' Assets and Defendants' Financial Accounts and the respective current account or fund balances of the same.

**D. PLAINTIFF IS ENTITLED TO AN ORDER AUTHORIZING BIFURCATED AND ALTERNATIVE SERVICE OF PROCESS BY ELECTRONIC MEANS**

Fed. R. Civ. P. (4) governs service on Defendants in the instant matter since, upon information and belief, they are located in China.   While Defendants operate sophisticated commercial businesses, they are limited to correspondence by email, messaging through their respective User Accounts and communications otherwise transmitted over the Internet. (Scully Dec., ¶¶ 12-13.)  Plaintiff therefore respectfully requests that this Court issue an order granting it permission to serve each respective Defendant via the following combination of electronic methods: 1) registered electronic mail and 2) messaging through Defendants' User Accounts and 3) website publication.

Plaintiff may serve international defendants pursuant to Fed. R. Civ. P. 4(f)(3), which enables a court to grant an alternative method of service so long as it: "(1) is not prohibited by international agreement; and (2) comports with constitutional notions of due process." *SEC v. Anticevic*, No. 05 CV 6991 (KMW), 2009 U.S. Dist. LEXIS 11480, at *7 (S.D.N.Y. Feb. 8, 2009). Notably, "[s]ervice under subsection [4(f)] (3) is neither a last resort nor extraordinary relief.  It is merely one means among several which enables service of process on an international defendant." *Sulzer Mixpac AG v. Medenstar Indus. Co.*, 312 F.R.D. 329, 330 (S.D.N.Y. 2015).  Since third-party merchants on Alibaba and AliExpress, like Defendants, have been known to use aliases, false addresses and other incomplete identification information to shield their true identities and there are, in fact, only partial, incomplete or no physical addresses whatsoever associated with the majority of Defendants' User Accounts, this is exactly the circumstance where the courts should exercise, as they previously have,[14] the authority to grant alternative methods of service. *Id.* "The

---

[14] *See Dama S.P.A.*, 2015 U.S. Dist. LEXIS 178076, at *6-7; *AW Licensing, LLC*, 2015 U.S. Dist. LEXIS 177101, at *18-19; *FTC v. PCCare247 Inc.*, 2013 U.S. Dist. LEXIS 31969, at *20 (S.D.N.Y. Mar. 7, 2013).

decision whether to allow alternative methods of serving process under Rule 4(f)(3) is committed to the sound discretion of the district court." *Id.* [15]

In the instant matter, Plaintiff proposes using Outlook.com as well as Rmail (www.rmail.com), an online service that confirms valid proof of authorship, content, and delivery of an email, as well as the official time and date that the email was sent and received. (Scully Dec., ¶ 27.) Along with service via email, Plaintiff respectfully requests that the Court, in its discretion, permit service via website publication.[16]

Ultimately, service on Defendants by various electronic means comports with due process, as it is "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 309 (1950). None of the Defendants have disclosed their mailing addresses. (Scully Dec., ¶¶ 12-13, 25-26.) Due to Defendants' purposeful anonymity, service by email, with confirmation of delivery by Rmail, and website publication is most likely to provide Defendants with proper notice of this action and Plaintiff's claims. *Dama S.P.A.*, 2015 U.S. Dist. LEXIS 178076, at *7. Therefore, Plaintiff respectfully submits that an order authorizing alternative service benefits all parties and the Court by ensuring that Defendants receive immediate notice of the pendency of this action to move forward expeditiously.[17]

---

[15] Pursuant to Fed. R. Civ. P (4)(1), service may be effected "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by The Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents" ("Hague Convention"). Although China is a signatory to it, the Hauge Convention "shall not apply where the address of the person to be served with the document is not known." *See* Hague Convention, November 15, 1965, Article 1. Moreover, despite China's objection to service by postal channels under Article 10, this Court has held that such objection does not include service by email and further, that service by email is not prohibited by any international agreement. *Sulzer Mixpac AG*, 312 F.R.D. at 332.

[16] Publication on a website has been deemed appropriate service under Fed. R. Civ. P (4)(3) "so long as the proposed publication is 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *National Association for Stock Car Auto Racing, Inc. v. Does*, 584 F. Supp. 2d 824, 826 (W.D.N.C. 2008) (quoting *Mullane*, 339 U.S. at 315-16).

[17] Plaintiff also respectfully submits that the Court issue an order authorizing Plaintiff to serve the Financial Institutions and/or Third Party Service Providers with notice of the Court's order of the Application via electronic means prior to

### E.  PLAINTIFF IS ENTITLED TO AN ORDER AUTHORIZING EXPEDITED DISCOVERY

Additionally, Plaintiff respectfully requests that the Court order expedited discovery from Defendants, Financial Institutions and Third Party Service Providers regarding the scope and extent of Defendants' counterfeiting and infringing activities, as well as Defendants' account details and other information relating to Defendants' Financial Accounts, Assets and/or any and all User Accounts and or Financial Accounts with the Third Party Service Providers, including, without limitation any and all websites, any and all User Accounts and any and all Merchant Storefronts, including, without limitation, those owned and operated, directly or indirectly, by the Third Party Service Providers and the Financial Institutions.

Generally, a party may not seek discovery prior to a Rule 26(f) conference unless authorized by a court order. Fed. R. Civ. P. 26(d)(1).  In the past, Courts in this District have often applied a four-factor test to determine when expedited discovery may be granted,[18] but now apply a more flexible "good cause" test to examine "the discovery request . . . on the entirety of the record to date and the *reasonableness* of the request in light of all the surrounding circumstances." *Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 326 (S.D.N.Y. 2005) (internal citation omitted).  Regardless of which test, Plaintiff has established that it is entitled to the expedited discovery requested for good cause shown. *See id.* at 327; (Conway Dec., ¶ 25; Scully Dec., ¶¶ 12-13, 25-26.)

### F.  PLAINTIFF'S REQUEST FOR A SECURITY BOND IN THE AMOUNT OF $5,000 IS ADEQUATE

In determining the amount of the bond that a moving party must post, this Court is "vested with wide discretion." *Doctor's Assocs., Inc. v. Stuart*, 85 F.3d 975, 985 (2d Cir. 1996).  Plaintiff

---

serving Defendants and with enough time for the Financial Institutions and/or Third Party Service Providers to comply with the Court's order to help expedite the process.

[18]*See Advanced Portfolio Techs., Inc. v. Advanced Portfolio Techs., Ltd.*, No. 94 Civ. 5620 (JFK), 1994 U.S. Dist. LEXIS 18457, at *7 (S.D.N.Y. Dec. 28, 1994).

respectfully submits the provision of security in the amount of $5,000 is sufficient. *Rovio Entertainment Ltd. and Rovio Animation OY v. Best Baby and Kid Store, et al.*, No. 17-cv-4884-KPF (S.D.N.Y. June 28, 2017).[19]

## IV.    CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that its Application be granted *ex parte* in its entirety.

Dated: October 10, 2019

Respectfully submitted,

EPSTEIN DRANGEL LLP

BY:    _____

Brieanne Scully (BS 3711)
bscully@ipcounselors.com
Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Danielle S. Yamali (DY 4228)
dfutterman@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone:    (212) 292-5390
Facsimile:    (212) 292-5391
*Attorneys for Plaintiff*
*POOF-Slinky, LLC*

---

[19] Moreover, this Court has gone as far as to hold that no security bond is necessary in similar circumstances. *See Mattel, Inc. v. 86755, et al.*, No. 18-cv-8825-RJS-JSR (S.D.N.Y. Oct. 4, 2018) (The Hon. Richard J. Sullivan held that no security bond was necessary because "it strikes me almost as fairly arbitrary.")