Sergei Orel, Esq.
Bar No.: 008862001
Sergei Orel, LLC
2125 Center Avenue, Suite 608
Fort Lee, NJ 07024
Tel: (201) 491-1464
Fax: (201) 604-6775
sorel@sergei-orel.com
Attorney for Orel Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| POOF-SLINKY, LLC,            ) <br> ) <br> ) <br>     Plaintiffs,     ) <br> ) <br>     vs.          ) <br> ) <br> A.S. Plastic Toys Co., Ltd., et al.,   ) <br> ) <br>     Defendants     ) <br> ) <br> ) <br> ) | Civil Action No. 19-CV-9399-ER <br><br> **ANSWER TO COMPLAINT AND** <br> **COUNTERCLAIM** |

Defendants, hereinafter referred to as "Orel Defendants" by way of Answer to the Complaint as filed by Plaintiff, POOF-SLINKY, LLC, say:

1.      Defendants deny the allegations in paragraph 1, as they lack first-hand knowledge of the allegations contained in paragraph 1.

2.      Defendants deny the allegations in paragraph 2, as they lack first-hand knowledge of the allegations contained in paragraph 2.

3.      Defendants deny the allegations in paragraph 3, as they lack first-hand knowledge of the allegations contained in paragraph 3.

4.      Defendants deny the allegations in paragraph 4, as they lack first-hand knowledge

1

of the allegations contained in paragraph 4.

     5.     Defendants deny the allegations in paragraph 5, as they lack first-hand knowledge of the allegations contained in paragraph 5.

     6.     Defendants deny the allegations in paragraph 6, as they lack first-hand knowledge of the allegations contained in paragraph 6.

     7.     Defendants deny the allegations in paragraph 7, as they lack first-hand knowledge of the allegations contained in paragraph 7.

     8.     Defendants deny the allegations in paragraph 8, as they lack first-hand knowledge of the allegations contained in paragraph 8.

     9.     Defendants deny the allegations in paragraph 9, as they lack first-hand knowledge of the allegations contained in paragraph 9.

     10.     Defendants deny the allegations in paragraph 10, as they lack first-hand knowledge of the allegations contained in paragraph 10.

     11.     Defendants deny the allegations in paragraph 11, as they lack first-hand knowledge of the allegations contained in paragraph 11.

     12.     Defendants deny the allegations in paragraph 12, as they lack first-hand knowledge of the allegations contained in paragraph 12.

     13.     Trademark registrations with the USPTO speak for themselves, and as such, Defendants do not admit or deny the allegations in paragraph 13, but leave Plaintiff to its proofs.

     14.     Defendants deny the allegations in paragraph 14, as they lack first-hand knowledge of the allegations contained in paragraph 14.

     15.     Defendants deny the allegations in paragraph 15, as they lack first-hand knowledge of the allegations contained in paragraph 15.

16.     Defendants deny the allegations in paragraph 16, as they lack first-hand knowledge of the allegations contained in paragraph 16.

17.     Defendants deny the allegations in paragraph 17, as they lack first-hand knowledge of the allegations contained in paragraph 17.

18.     Defendants deny the allegations in paragraph 18, as they lack first-hand knowledge of the allegations contained in paragraph 18.

19.     Defendants deny the allegations in paragraph 19, as they lack first-hand knowledge of the allegations contained in paragraph 19.

20.     Defendants deny the allegations in paragraph 20, as they lack first-hand knowledge of the allegations contained in paragraph 20.

21.     Defendants deny the allegations in paragraph 21, as they lack first-hand knowledge of the allegations contained in paragraph 21.

22.     Defendants deny the allegations in paragraph 22, as they lack first-hand knowledge of the allegations contained in paragraph 22.

23.     Defendants deny the allegations in paragraph 23, as they lack first-hand knowledge of the allegations contained in paragraph 23.

24.     Defendants deny the allegations in paragraph 24.

25.     Defendants deny the allegations in paragraph 25.

26.     Defendants deny the allegations in paragraph 26.

27.     Defendants deny the allegations in paragraph 27.

28.     Defendants deny the allegations in paragraph 28.

29.     Defendants deny the allegations in paragraph 29.

30.     Defendants deny the allegations in paragraph 30.

31.     Defendants deny the allegations in paragraph 31.

32.     Defendants deny the allegations in paragraph 32.

33.     Defendants deny the allegations in paragraph 33.

34.     Defendants deny the allegations in paragraph 34.

35.     Defendants deny the allegations in paragraph 35.

36.     Defendants deny the allegations in paragraph 36.

37.     Defendants deny the allegations in paragraph 37.

38.     Defendants deny the allegations in paragraph 38.

39.     Defendants deny the allegations in paragraph 39.

40.     Defendants deny the allegations in paragraph 40.

41.     Defendants deny the allegations in paragraph 41.

42.     Defendants deny the allegations in paragraph 42.

43.     Defendants deny the allegations in paragraph 43.

44.     Defendants repeat and re-allege and incorporate by reference each and every answer to every allegation set forth in the preceding paragraphs of the complaint as if fully set forth herein, and therefore deny the allegations in paragraph 44.

45.     Defendants deny the allegations in paragraph 45.

46.     Defendants deny the allegations in paragraph 46.

47.     Defendants deny the allegations in paragraph 48.

49.     Defendants deny the allegations in paragraph 49.

50.     Defendants deny the allegations in paragraph 50.

51.     Defendants deny the allegations in paragraph 51.

52.     Defendants deny the allegations in paragraph 52.

4

53.     Defendants deny the allegations in paragraph 53.

54.     Defendants repeat and re-allege and incorporate by reference each and every answer to every allegation set forth in the preceding paragraphs of the complaint as if fully set forth herein, and therefore deny the allegations in paragraph 54.

55.     Defendants deny the allegations in paragraph 55.

56.     Defendants deny the allegations in paragraph 56.

57.     Defendants deny the allegations in paragraph 57.

58.     Defendants deny the allegations in paragraph 58.

59.     Defendants deny the allegations in paragraph 59.

60.     Defendants deny the allegations in paragraph 60.

61.     Defendants deny the allegations in paragraph 61.

62.     Defendants deny the allegations in paragraph 62.

63.     Defendants deny the allegations in paragraph 63.

64.     Defendants deny the allegations in paragraph 64.

65.     Defendants deny the allegations in paragraph 65.

66.     Defendants deny the allegations in paragraph 66.

67.     Defendants repeat and re-allege and incorporate by reference each and every answer to every allegation set forth in the preceding paragraphs of the complaint as if fully set forth herein, and therefore deny the allegations in paragraph 67.

68.     Defendants deny the allegations in paragraph 68.

69.     Defendants deny the allegations in paragraph 69.

70.     Defendants deny the allegations in paragraph 70.

71.     Defendants deny the allegations in paragraph 71.

72.    Defendants deny the allegations in paragraph 72.

73.    Defendants deny the allegations in paragraph 73.

74.    Defendants deny the allegations in paragraph 74.

75.    Defendants deny the allegations in paragraph 75.

76.    Defendants repeat and re-allege and incorporate by reference each and every answer to every allegation set forth in the preceding paragraphs of the complaint as if fully set forth herein, and therefore deny the allegations in paragraph 76.

77.    Defendants deny the allegations in paragraph 77.

78.    Defendants deny the allegations in paragraph 78.

79.    Defendants deny the allegations in paragraph 79.

80.    Defendants deny the allegations in paragraph 80.

81.    Defendants deny the allegations in paragraph 81.

82.    Defendants deny the allegations in paragraph 82.

## **AFFIRMATIVE DEFENSES**

Defendants raise the following affirmative defenses to the allegations in the subject Complaint, namely:

1.    Failure to state a claim upon which relief can be granted;

2.    Plaintiffs' lack of standing to bring suit against Defendants;

3.    Lack of personal jurisdiction over the Defendants;

4.    Genericness and lack of protection of Plaintiff's trademarks;

5.    Plaintiffs' abandonment of trademarks;

6.    Unjust enrichment;

7.    Unclean hands;

8.     Misrepresentation of material fact;

9.     Laches;

10.    Estoppel;

11.    Lack of jurisdiction;

12.    Breach of duty;

13.    Plaintiffs' tortious interference with prospective economic advantage of Defendants;

14.    Plaintiffs' tortious interference with Defendants' contractual relationship;

15.    Dilution of Plaintiffs' trademarks;

16.    Loss of distinctiveness of Plaintiff's trademarks;

17.    Genericness of Plaintiff's trademarks;

18.    Failure of Plaintiff's trademarks to function as trademarks.

## COUNTERCLAIM

Defendants, hereinafter referred to as "Orel Defendants" by way of Counterclaim against Plaintiff, POOF-SLINKY, LLC, say:

## THE PARTIES

1.     Orel Defendants are the defendants that are represented in this lawsuit by the undersigned attorney Sergei Orel. The list of the Orel Defendants is as follows:

A.S. Plastic Toys Co., Ltd.

Amy & Benton Toys & Gifts Co., Ltd.

Believe-fly Trading (Toys) Co., Ltd. (Shantou)

Guangdong Hershey Spring Industrial Co. Ltd.

Hhsmile

7

Longyan Lang Ling Heng Chuang Trading Ltd.

Nbjustin

Ningbo Zhenrong Intn'l Trading Co., Ltd.

Shantou Chenghai Haoda Toys Co., Ltd.

Shantou Chenghai Hengya Toys Co., Ltd.

Shantou Chenghai Pengcheng Toy Ind. Co., Ltd.

Shantou Chenghai Sweet Baby Toys Firm

Shantou Chenghai Yuansheng Toys Industry Co., Ltd.

Shantou Chenghai Yueqi Toys Firm

Shantou City Chenghai Xinbooming Toys Factory

Shantou H&C Toys & Crafs Manufactory

Shantou Kunyang Trading Co., Ltd.

Shantou Longhu XuChang Toys Firm

Shantou Lucky Toys & Gift Firm

Shantou Mingtong Toys Industrial Co., Ltd.

Shantou South Toys Factory

Shantou Tianyi Toys Industrial Co., Ltd.

Hengjun Plastic Toys Manufactory Shaoxing Jinlangte Sports Goods Co., Ltd.

Shenzhen X-World Technology Co., Ltd.

Shenzhen Gift Joint Promo Co., Ltd.

Wenling Bestone Commodity Factory

Yiwu B&T Crafts & Arts Co., Ltd.

Yiwu Power Import & Export Co., Ltd.

Yiwu Qida Household Items Factory

Zhangping TK Toys And Gifts Co., Ltd.

Shantou Chenghai Kaishenglong Toys Factory

Shantou Jinyu Trading Co., Ltd., and

Great International Toys Ltd.

2.      Defendants are Alibaba and AliExpress merchants, who are not and have not been doing business in the State of New York and this judicial district.

## STATEMENT OF FACTS

1.      The cause of action in the current Counterclaim against the Plaintiffs arises out of Plaintiff's activities preceding the filing of the present complaint.

2.      Plaintiff attempted to make one purchase from Alibaba store pages of each of the Defendants.  The above listed defendants never sought to make their wares to be available specifically to New York customers in this District. All of the attempted purchases by Plaintiff are the so called fishing or trap purchases, which in the overwhelming number of instances never resulted in a purchase, or a shipment of goods to this District.

3.      Almost all of the Defendants listed above fell victims of Plaintiff's trap purchases, which were solely designed to use that one isolated solitary purchase against each of the below Defendants in order to try and establish personal jurisdiction and drag the defendants into this District to answer the law suit in question, i.e., the District where the Defendants have no minimum contacts.

4.      The overwhelming majority of the below Defendants never shipped the fishing/trap purchases to the Plaintiff. No shipments of goods occurred. In some cases, where a shipment did occur, it was for a minuscule amount of money. Almost all of the trap purchases

did not result in any shipments to this District.

5.      The majority of the Defendants never confirmed the trap purchase made by the Plaintiff, and thus no transaction between Defendants and Plaintiff occurred.

6.      In those few instances where a shipment of an article of goods did occur to this District, it occurred solely because AliExpress automatically made the shipment, without any instructions to do so by a Defendant in this lawsuit. In any event, such isolated one time fishing and trap purchases by Plaintiff from Defendants did not confer personal jurisdiction over such Defendants.

7.      Plaintiff by its actions resulting from the filing of the subject complaint caused Alibaba and AliExpress to shut down Defendants' online stores with Alibaba and AliExpress, where Defendants' accounts with the said online platforms, including the accounts that contained Defendants' moneys, have been frozen, thus resulting in Defendants' loss of property, such as Defendants' moneys, depriving Defendants' of their ability to continue trading on Alibaba and AliExpress, including trading in goods unrelated to Plaintiff.

8.      Such Plaintiff's actions constitute tortious interference with prospective economic advantage of the Defendants, and such Plaintiff's actions constitute Plaintiff's tortious interference with Defendants' contractual relationship with Alibaba, AliExpress, and Defendants' customers.

9.      As is indicated below, Plaintiff has failed to establish personal jurisdiction over the Defendants, and as such, the Complaint against the below Defendants must be dismissed for lack of personal jurisdiction over each of the above listed Defendants.

10.     Plaintiff's SLINKY trademarks in the meantime have lost their strength through becoming generic over the years, where consumers refer to Plaintiff's toy as a "slinky", where

Plaintiff's trademark "slinky" is being used in the marketplace as a noun, and not as an adjective. As such, Plaintiff's SLINKY trademarks have become generic and Plaintiff should be stripped of the federal registration protection for its SLINKY trademarks. It is in public interest to get rid of Plaintiff's generic trademarks.

### FIRST COUNT
### (Counterclaim for a Declaratory Judgment of Invalidity of Plaintiff's Trademarks Due to The Trademarks Having Become Generic)

1.     Plaintiff's SLINKY trademarks, namely, Reg. Nos. 5286991, 2402881, and 1455493, have lost their strength through becoming generic over the years, where consumers refer to Plaintiff's toy as a "slinky", where Plaintiff's trademark "slinky" is being used in the marketplace as a noun, and not as an adjective.

2.     As such, Plaintiff's SLINKY trademarks have become generic and Plaintiff should be stripped of the federal registration protection for its SLINKY trademarks, Reg. Nos. 5286991, 2402881, and 1455493, where the subject trademark registrations must be cancelled.

3.     It is in the interest of the public to cancel U.S. federal registrations of Plaintiff's generic trademarks.

WHEREFORE, Defendants respectfully demand judgment against the Plaintiff, dismissing the Plaintiff's complaint; a declaration of invalidity of Plaintiff's trademarks Reg. Nos. 5286991, 2402881, and 1455493; an order canceling Plaintiff's trademarks Reg. Nos. 5286991, 2402881, and 1455493; for an award of Defendants' attorneys fees; for an award of damages to Defendants in the amount the Court deems fair and equitable; any other reasonable damages to Defendant that the Court may deem proper; and the cost of defending against the plaintiff's lawsuit.

**SECOND COUNT**
**(Unlawful Taking of Defendants' Property)**

4.      Defendants hereby repeat and re-allege all of the allegations contained in the above counts, as if fully restated and set forth at length herein.

5.      The aforementioned acts of Plaintiffs constitute an unlawful taking of Defendants' property, resulting in Defendants' loss of property, such as Defendants' moneys, depriving Defendants' of their ability to continue trading on Alibaba and AliExpress, including trading in goods unrelated to Plaintiff.

6.      Such conduct on the part of Plaintiffs has caused and will continue to cause irreparable injury to Defendants, for which Defendants have no adequate remedy at law.

WHEREFORE, Defendants respectfully demand judgment against the Plaintiff, dismissing the Plaintiff's complaint; an order compensating Defendants for the loss property, including for the lost money; for an award of Defendants' attorneys fees; for an award of damages to Defendants in the amount the Court deems fair and equitable; any other reasonable damages to Defendant that the Court may deem proper; and the cost of defending against the plaintiff's lawsuit.

**THIRD COUNT**
**(Plaintiff's Tortious Interference With Prospective Economic Advantage of Defendants)**

7.      Defendants hereby repeat and re-allege all of the allegations contained in the above counts, as if fully restated and set forth at length herein.

8.      The aforementioned acts of Plaintiffs constitute tortious interference with prospective economic advantage of the Defendants.

9.      Such conduct on the part of Plaintiffs has caused and will continue to cause

irreparable injury to Defendants, for which Defendants have no adequate remedy at law.

WHEREFORE, Defendants respectfully demand judgment against the Plaintiff, dismissing the Plaintiff's complaint; an order compensating Defendants for the loss of the prospective economic advantage of the Defendants, including for the lost past, present and future income; for an award of Defendants' attorneys fees; for an award of damages to Defendants in the amount the Court deems fair and equitable; any other reasonable damages to Defendant that the Court may deem proper; and the cost of defending against the plaintiff's lawsuit.

## FOURTH COUNT
### (Plaintiff's Tortious Interference With Defendants' Contractual Relationships)

10.     Defendants hereby repeat and re-allege all of the allegations contained in the above counts, as if fully restated and set forth at length herein.

11.     The aforementioned acts of Plaintiffs constitute tortious interference with prospective economic advantage of the Defendants.

12.     Such conduct on the part of Plaintiffs has caused and will continue to cause irreparable injury to Defendants, for which Defendants have no adequate remedy at law.

WHEREFORE, Defendants respectfully demand judgment against the Plaintiff, dismissing the Plaintiff's complaint; an order compensating Defendants for the loss of the past, present and prospective contractual relationship of the Defendants; for an award of Defendants' attorneys fees; for an award of damages to Defendants in the amount the Court deems fair and equitable; any other reasonable damages to Defendant that the Court may deem proper; and the cost of defending against the plaintiff's lawsuit.

13

Respectfully submitted,

Dated: February 8, 2021

__/Sergei Orel/_____
Sergei Orel, Esq.
Bar No.: 008862001
Sergei Orel, LLC
2125 Center Avenue, Suite 608
Fort Lee, NJ 07024
Tel: (201) 491-1464
Fax: (201) 604-6775
sorel@sergei-orel.com
Attorney for Orel Defendants

## CERTIFICATION OF SERVICE

I certify that on this 8th day of February, 2021, the foregoing was delivered by ECF to, and I have mailed a copy of this pleading, via email to bscully@ipcounselors.com and via first class and postage prepaid, to:

Brieanne Scully, Esq., Epstein Drangel LLP, 60 East 42nd Street, Suite 2520, New York, NY 10165

Dated:   February 8, 2021            _____/Sergei Orel/_____
                                          Sergei Orel, Esq.