Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Brieanne Scully (BS 3711)
bscully@ipcounselors.com
Danielle Yamali (DY 4228)
dfutterman@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone:     (212) 292-5390
Facsimile:      (212) 292-5391
*Attorneys for Plaintiff-Counterclaim Defendant,*
*POOF-Slinky, LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| POOF-SLINKY, LLC,<br><br>*Plaintiff*<br><br>v.<br><br>A.S. PLASTIC TOYS CO., LTD., ALI FASHIONING TOY STORE, ALI-DREAM TOY STORE, ALI-JETTING TOY STORE, AMY & BENTON TOYS AND GIFTS CO., LTD., BABY SHOPPING EMM STORE, BABY TOY CITY STORE, BABY'S CENTER STORE, BABY-TOY WORLD STORE, BALA BABY FIRST, BAOCHENYI STORE, BB2019 STORE, BEAUTY & ATTRACTION, BELIEVE-FLY TRADING (TOYS) CO., LTD. SHANTOU, BETTER SHOP,BETTER LIFE, BILIDI CO.,LTD. STORE, BOXIANGWANJU STORE, BTGEDTL STORE, BUY IN HERE STORE, CHANGED STORE, CHAOZHOU BURTON FOODSTUFF CO., LTD., CHAOZHOU CHAOAN HAPPINESS FOODS CO., LTD., CHAOZHOU CHAOAN LARK TRADE CO., LTD., CHERR TOY STORE, CHILD WONDERLAND STORE, CHILDREN'S GOODS STORE, COME ON 2015, CURIOUS&PROMISING BABY STORE, DALIAN HOLY TRADING CO., LTD., DONGGUAN BOWEN ELECTRONIC TECHNOLOGY LIMITED, DONGGUAN CITY YISEN PRECISION HARDWARE SPRING CO., LTD., ELEVEN 'S HOUSE, | **CIVIL ACTION No.**<br>**19-cv-9399 (ER)** |

ENJOYING+UU STORE, FAIRYTOY STORE, FRIENDSHIP HXX STORE, FUNNY TOY STORE STORE, GJCUTE TOY STORE, GOODGIRL STORE, GREAT INTERNATIONAL TOYS LIMITED, GUANGDONG HERSHEY SPRING INDUSTRIAL CO., LTD., GUANGDONG K.Y.F TRADING CO., LTD., HABAO STORE, HANG WING PLASTIC INDUSTRY CO., LTD., HAPPINESS CENTER STORE, HAPPYDEAL STORE, HARBIN YUANLONG IMPORT AND EXPORT TRADE CO., LTD., HEFEI SAI BEI TE TRADING CO., LTD., HENGJUN PLASTIC TOYS MANUFACTORY, HHSMILE STORE, HOW DO YOU DO STORE, INNOCENCE PARADISE, JIANGXI BOLAI PLASTIC INDUSTRY CO., LTD., JINJIANG SUPERSTARER IMPORT & EXPORT CO., LTD., JINMING TOYS & CRAFTS IMP.& EXP. CO., LTD., KIDS PLAYING STORE, LEFT MAGIC TRICK STORE, LEGE TRICK FACTORY STORE, LEORX PLAYTOY STORE, LICHENG TECHNOLOGY (SHENZHEN) CO., LTD., LIJIA GAME PRODUCTION (JIANGSU) CO., LTD., LIKEIT STORE, LILITOY STORE, LITTLE STARS MOTHER&BABY SUPPLIER STORE, LONG SHENG TOY STORE, LONGYAN LANG LING HENG CHUANG TRADING CO., LTD., LOVE LOVE CHILDREN BABY STORE, LOVESONG STORE, MAGICAL TRICKS STORE, MAKIKI STORE, MAMI'S BABY STORE, MAYUSCULOS OJOS STORE, MIDDLE, MILCEA GROBAL STORE, MINGO STORE, MOMMY N BABY EVERY NICE DAY STORE, MOTHER & CHILDREN CLOTHES STORE, MY BABY GIRL STORE, NBJUSTIN STORE, NINGBO EMBODY HOMEWARE CO., LTD., NINGBO GYL INTERNATIONAL TRADING CO., LTD., NINGBO HUAMAO INTERNATIONAL TRADING CO., LTD., NINGBO KELSUN INTL TRADE CO., LTD., NINGBO LIJIA INDUSTRY CO., LTD., NINGBO SELLERS UNION CO., LTD., NINGBO YINZHOU BOTE SPRING ELECTRICAL EQUIPMENT FACTORY, NINGBO ZHENRONG INTERNATIONAL TRADING CO., LTD. (JUST IN), PREGNANT CHILD BABY ACCESSORIES STORE, PUJIANG SONDER CRAFT CO., LTD., PURPLE STORE, SEE YOU AGAIN^_^, SHANGHAI WISDOM IMPORT AND EXPORT CO., LTD., SHANGHAI ZEBRAJOY GIFTS CO., LTD., SHANTOU BORONG TOYS CO., LTD., SHANTOU CHENGHAI BEIBEI TOYS, SHANTOU CHENGHAI BIG BAG

TOYS COMPANY LIMITED, SHANTOU CHENGHAI HAODA TOYS CO., LTD., SHANTOU CHENGHAI HENGYA TOYS CO., LTD., SHANTOU CHENGHAI HENGYING TOYS CO., LTD., SHANTOU CHENGHAI HUIKE TOYS FIRM, SHANTOU CHENGHAI KAISHENGLONG TOYS FACTORY, SHANTOU CHENGHAI MAYA TOYS FACTORY, SHANTOU CHENGHAI PENGCHENG TOY IND. CO., LTD., SHANTOU CHENGHAI SHUNFENG CRAFT FACTORY, SHANTOU CHENGHAI SWEET BABY TOYS FIRM, SHANTOU CHENGHAI YAKAI TOYS FACTORY, SHANTOU CHENGHAI YAXING PLASTIC AND METAL MANUFACTORY, SHANTOU CHENGHAI YUANSHENG TOYS INDUSTRY CO., LTD., SHANTOU CHENGHAI YUEQI TOYS FIRM, SHANTOU CHENGJI TOYS & GIFTS CO., LTD., SHANTOU CINDA TOYS CO., LTD., SHANTOU CITY BHX TOYS CO., LTD., SHANTOU CITY CHENGHAI XINBOOMING TOYS FACTORY, SHANTOU CYBER TOYS BUSINESS, SHANTOU EVER PROSPEROUS TRADING CO., LTD., SHANTOU GUANGBAI CRAFTS & TOYS CO., LIMITED, SHANTOU H&C TOYS & CRAFS MANUFACTORY, SHANTOU HONGNA CANDY TOYS CO., LTD., SHANTOU JINYU TRADING CO., LTD., SHANTOU KUNYANG TRADING CO., LTD., SHANTOU LIHUI TOYS CO., LTD., SHANTOU LONGHU XUCHANG TOYS FIRM, SHANTOU LUCKY TOYS & GIFT FIRM, SHANTOU MEGAFUN TOYS INDUSTRIAL LTD., SHANTOU MEIHUI TOYS CO., LTD., SHANTOU MINGTONG TOYS INDUSTRIAL CO., LTD., SHANTOU RONGHEQIANG TRADE CO., LTD., SHANTOU RUNFENDDA TOYS FIRM, SHANTOU SOUTH TOYS FACTORY, SHANTOU SUNNY TOYS INDUSTRIAL CO., LTD., SHANTOU TIANYI TOYS INDUSTRIAL CO., LTD., SHANTOU XINLIANG TOYS FACTORY, SHANTOU YICHENG TOYS FACTORY, SHANTOU YINGXING TOYS COMPANY LIMITED, SHANTOU ZHILETIAN TOYS TRADING CO., LTD., SHAOXING JINLANGTE SPORTS GOODS CO., LTD., SHAOXING YAONE GIFTS CO., LTD., SHENZHEN CITY BOTREE TOYS FACTORY, SHENZHEN E-18TH TECHNOLOGY CO., LTD., SHENZHEN EDUCATIONAL EQUIPMENT CO LTD, SHENZHEN FOCALVALUE TECHNOLOGY CO., LTD., SHENZHEN GIFT JOINT PROMO CO., LTD.,

SHENZHEN JYC TECHNOLOGY LTD. (BEAUTY CARE BRANCH), SHENZHEN SHENGMA HARDWARE SPRING CO., LTD., SHENZHEN WTYD TECHNOLOGY LIMITED, SHENZHEN X-WORLD TECHNOLOGY CO., LTD., SHGEZM TOY STORE, SHOP2784166 STORE, SHOP2919053 STORE, SHOP3851047 STORE, SHOP4558035 STORE, SICHUAN TRANMEC MACHINERY I/E CO., LTD., SIMPLE HAPPY LIFE, SURPRISE GIFTS STORE, WANJU STORE, WENLING BESTONE COMMODITY FACTORY, WUXI OCEAN IMPORT AND EXPORT CO., LTD., XIAMEN MINE TRADING CO., LTD., XINHENGXIN ELECTRONIC CO., LTD., Y&H TOY STORE, YIWU B&T CRAFTS & ARTS CO., LTD., YIWU BAY IMPORT AND EXPORT CO., LTD., YIWU CHANGQING TOYS CO., LTD., YIWU CHU TAI ART & CRAFTS CO., LTD., YIWU CITY JO TOYS CO., LTD., YIWU HECHENG IMPORT & EXPORT CO., LTD., YIWU HUAGUDUO TOYS CO., LTD., YIWU JIANDU CRAFTS CO., LTD., YIWU LADSOUL GARMENT ACCESSORY CO., LTD., YIWU LINTAI IMPORT & EXPORT CO., LTD., YIWU PARTY UNION IMP & EXP CO., LTD., YIWU POWER IMPORT & EXPORT CO., LTD., YIWU QIDA HOUSEHOLD ITEMS FACTORY, YIWU QUANFA IMPORT & EXPORT COMPANY LIMITED, YIWU SHINCOO ART & CRAFTS CO., LTD., YUGUO BABY STORE, YUYAO XUEYOU TEACHING EQUIPMENT CO., LTD., ZELA STOREM, ZHANGPING TK TOYS AND GIFTS CO., LTD. and ZHEJIANG LISHENG SPRING CO.,                                            LTD.,

*Defendants*

**<u>PLAINTIFF-COUNTERCLAIM DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE OREL DEFENDANTS' COUNTERCLAIMS</u>**

## TABLE OF CONTENTS

I.    PRELIMINARY STATEMENT ................................................................................. 1

II.   STATEMENT OF RELEVANT FACTS............................................................................ 1

III.  ARGUMENT ........................................................................................................ 2

   A.   THE OREL DEFENDANTS' INABILITY TO ADEQUATELY ALLEGE THE
        COUNTERCLAIMS MANDATES DISMISSAL OF THOSE CLAIMS WITH
        PREJUDICE........................................................................................................ 2

        1.   Standard on Motion to Dismiss............................................................................ 2

        2.   The Orel Defendants Fail to Allege a Claim for Tortious Interference With
             Defendants' Contractual Relationships (Fourth Counterclaim) ............................. 3

        3.   The Orel Defendants Fail to Allege a Claim for Tortious Interference With Prospective
             Economic Advantage of Defendants (Third Counterclaim) .................................... 5

        4.   The Orel Defendants Fail to Allege a Claim for Unlawful Taking of Defendants'
             Property (Second Counterclaim)............................................................................ 6

        5.   The Orel Defendants Fail to Allege a Claim for Declaratory Judgment Finding
             Plaintiff's Slinky Marks are Invalid (First Counterclaim)..................................... 7

   B.   THE STATUS OF THE OREL DEFENDANTS' REPRESENTATION ..................... 9

IV.   CONCLUSION .................................................................................................... 9

# TABLE OF AUTHORITIES

## Cases

*Ahles v. Aztec Enters., Inc.*, 502 N.Y.S.2d 821 (App. Div. 3rd Dept. 1986) ................................. 6

*Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) .......................................................................... 3

*Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (2007) ............................................................. 2

*Blumenthal v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 910 F.2d 1049 (2d Cir. 1990).......... 7

*Carvel Corp. v. Noonan*, 3 N.Y.3d 182 (2004)..................................................................... 6

*Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 547 F.3d 115 (2d Cir. 2008) .................. 3, 4, 5

*Defiance Button Machine Co. v. C & C Metal Products Corp.*, 759 F.2d 1053 (2d Cir. 1985)..... 8

*DuPont Cellophane Co., Inc. v. Waxed Products Co., Inc.*, 6 F. Supp. 859 (E.D.N.Y. 1934)....... 8

*Eagle Assoc. v. Bank of Montreal*, 926 F.2d 1305 (2d Cir. 1991)................................................ 9

*Foster v. Churchill*, 87 N.Y.2d 744 (1996)........................................................................... 3

*FragranceNet.com, Inc. v. Les Parfums, Inc.*, 672 F. Supp. 2d 328 (E.D.N.Y. 2009) ........... 7, 8, 9

*Gianni Versace, S.p.A. v. Versace*, No. 01 Civ 9645 (PKL) (THK), 2003 U.S. Dist. LEXIS 14858
 (S.D.N.Y. Aug. 27, 2003).......................................................................................... 9

*Gilman v. Abagnale*, 653 N.Y.S.2d 176 (App. Div. 3rd Dept. 1997)........................................... 6

*Gucci Am. v. Bank of China*, 768 F.3d 122 (2d Cir. 2014)......................................................... 7

*Iqbal v. Hasty*, 490 F.3d 143 (2d Cir. 2007) ........................................................................ 2

*King-Seeley Thermos Co. v. Aladdin Indus., Inc.*, 321 F.2d 577 (2d Cir. 1963) ........................... 9

*Kirch v. Liberty Media Corp.*, 449 F.3d 388 (2d Cir. 2006)...................................................... 4

*Levine v. Yokell*, 685 N.Y.S.2d 196 (App. Div. 1st Dept 1999) ................................................. 3

*MBF Clearing Corp. v. Shine*, 623 N.Y.S.2d 204 (App. Div. 1st Dept 1995) ............................. 6

*MDC Corp., Inc. v. John H. Harland Co.*, 228 F.Supp.2d 387 (S.D.N.Y. 2002)...................... 3, 6

*P. Kaufmann, Inc. v. Americraft Fabrics, Inc.*, 232 F.Supp.2d 220 (S.D.N.Y. 2002).................... 5

*Park 'n Fly v. Dollar Park & Fly,* 469 U.S. 189 (1985).......................................................... 8

*PPX Enters. v. Audiofidelity Enters.*, 818 F.2d 266 (2d Cir. 1987)............................................ 5

*Rao v. Verde*, 635 N.Y.S.2d 660 (App. Div. 2nd Dept. 1995) ................................................... 6

*Reese Publ'g Co. v. Hampton Int'l Commc 'ns, Inc.*, 620 F.2d 7 (2d Cir. 1980) ........................... 7

*Shapiro & Son Bedspread Corp. v. Royal Mills Assocs.*, 764 F.2d 69 (2d Cir. 1985) .................. 5

## Statutes

15 U.S.C. § 1057(b) ............................................................................................................ 8

15 U.S.C. § 1115(b) ............................................................................................................ 8

Fed. R. Civ. P. 12(b)(6)......................................................................................................... 2

## **GLOSSARY**

| **Term** | **Definition** | **Docket Number** |
|---|---|---|
| **Plaintiff or Poof-Slinky** | Poof-Slinky, LLC | N/A |
| **Defendants** | A.S. Plastic Toys Co., Ltd., Ali Fashioning Toy Store, Ali-Dream Toy Store, Ali-Jetting Toy Store, Amy & Benton Toys And Gifts Co., Ltd., Baby SHOpping emm Store, Baby Toy City Store, Baby's Center Store, Baby-Toy World Store, Bala Baby First, BaoChenYi Store, BB2019 Store, Beauty & Attraction, Believe-Fly Trading (Toys) Co., Ltd. Shantou, Better Shop,Better Life, Bilidi Co.,Ltd. Store, boxiangwanju Store, BTGEDTL Store, Buy in here Store, Changed Store, Chaozhou Burton Foodstuff Co., Ltd., Chaozhou Chaoan Happiness Foods Co., Ltd., Chaozhou Chaoan Lark Trade Co., Ltd., Cherr Toy Store, Child Wonderland Store, Children's Goods Store, Come On 2015, Curious&Promising BABY Store, Dalian Holy Trading Co., Ltd., Dongguan Bowen Electronic Technology Limited, Dongguan City Yisen Precision Hardware Spring Co., Ltd., Eleven 's House, Enjoying+UU Store, FairyToy Store, Friendship hxx Store, Funny Toy Store Store, GJCUTE Toy Store, goodgirl Store, GREAT INTERNATIONAL TOYS LIMITED, Guangdong Hershey Spring Industrial Co., Ltd., Guangdong K.Y.F Trading Co., Ltd., Habao Store, Hang Wing Plastic Industry Co., Ltd., Happiness Center Store, happydeal Store, Harbin Yuanlong Import and Export Trade Co., Ltd., Hefei Sai Bei Te Trading Co., Ltd., Hengjun Plastic Toys Manufactory, hhsmile Store, How do you do Store, Innocence paradise, Jiangxi Bolai Plastic Industry Co., Ltd., Jinjiang Superstarer Import & Export Co., Ltd., Jinming Toys & Crafts Imp.& Exp. Co., Ltd., Kids Playing Store, left magic trick Store, Lege Trick Factory Store, Leorx PlayToy Store, Licheng Technology (Shenzhen) Co., Ltd., Lijia Game Production (Jiangsu) Co., Ltd., Likeit Store, LiliTOY Store, Little Stars Mother&Baby Supplier Store, LONG SHENG TOY Store, Longyan Lang Ling Heng Chuang Trading Co., Ltd., Love Love children baby store, LoveSong Store, magical tricks Store, Makiki Store, MAMI'S BABY Store, Mayusculos Ojos Store, Middle, Milcea Grobal Store, MINGO Store, Mommy n Baby | N/A |

Every nice day Store, Mother & Children Clothes Store, My Baby Girl Store, nbjustin Store, Ningbo Embody Homeware Co., Ltd., Ningbo GYL International Trading Co., Ltd., Ningbo Huamao International Trading Co., Ltd., Ningbo Kelsun Intl Trade Co., Ltd., Ningbo Lijia Industry Co., Ltd., Ningbo Sellers Union Co., Ltd., Ningbo Yinzhou Bote Spring Electrical Equipment Factory, Ningbo ZhenRong International Trading Co., Ltd. (JUST IN), Pregnant Child Baby Accessories Store, Pujiang Sonder Craft Co., Ltd., Purple Store, See you Again^_^, Shanghai Wisdom Import And Export Co., Ltd., Shanghai Zebrajoy Gifts Co., Ltd., Shantou Borong Toys Co., Ltd., Shantou Chenghai Beibei Toys, Shantou Chenghai Big Bag Toys Company Limited, Shantou Chenghai Haoda Toys Co., Ltd., Shantou Chenghai Hengya Toys Co., Ltd., Shantou Chenghai Hengying Toys Co., Ltd., Shantou Chenghai Huike Toys Firm, Shantou Chenghai Kaishenglong Toys Factory, Shantou Chenghai Maya Toys Factory, Shantou Chenghai Pengcheng Toy Ind. Co., Ltd., Shantou Chenghai Shunfeng Craft Factory, Shantou Chenghai Sweet Baby Toys Firm, Shantou Chenghai Yakai Toys Factory, Shantou Chenghai Yaxing Plastic And Metal Manufactory, Shantou Chenghai Yuansheng Toys Industry Co., Ltd., Shantou Chenghai Yueqi Toys Firm, Shantou Chengji Toys & Gifts Co., Ltd., Shantou Cinda Toys Co., Ltd., Shantou City BHX Toys Co., Ltd., Shantou City Chenghai Xinbooming Toys Factory, Shantou Cyber Toys Business, Shantou Ever Prosperous Trading Co., Ltd., Shantou Guangbai Crafts & Toys Co., Limited, Shantou H&C Toys & Crafs Manufactory, Shantou Hongna Candy Toys Co., Ltd., Shantou Jinyu Trading Co., Ltd., Shantou Kunyang Trading Co., Ltd., Shantou Lihui Toys Co., Ltd., Shantou Longhu XuChang Toys Firm, Shantou Lucky Toys & Gift Firm, Shantou Megafun Toys Industrial Ltd., Shantou Meihui Toys Co., Ltd., Shantou Mingtong Toys Industrial Co., Ltd., Shantou Rongheqiang Trade Co., Ltd., Shantou Runfendda Toys Firm, Shantou South Toys Factory, Shantou Sunny Toys Industrial Co., Ltd., Shantou Tianyi Toys Industrial Co., Ltd., Shantou Xinliang Toys Factory, Shantou Yicheng Toys Factory, Shantou Yingxing Toys Company Limited, Shantou Zhiletian Toys Trading Co., Ltd., Shaoxing Jinlangte Sports Goods Co., Ltd., Shaoxing Yaone Gifts Co., Ltd., Shenzhen

| | City Botree Toys Factory, Shenzhen E-18th Technology Co., Ltd., shenzhen educational equipment co ltd, Shenzhen Focalvalue Technology Co., Ltd., Shenzhen Gift Joint Promo Co., Ltd., Shenzhen JYC Technology Ltd. (Beauty Care Branch), Shenzhen Shengma Hardware Spring Co., Ltd., Shenzhen WTYD Technology Limited, Shenzhen X-World Technology Co., Ltd., SHgeZm Toy Store, Shop2784166 Store, Shop2919053 Store, Shop3851047 Store, Shop4558035 Store, Sichuan Tranmec Machinery I/E Co., Ltd., Simple Happy Life, Surprise Gifts Store, wanju Store, Wenling Bestone Commodity Factory, Wuxi Ocean Import and Export Co., Ltd., Xiamen MINE Trading Co., Ltd., Xinhengxin Electronic Co., Ltd., Y&H Toy Store, Yiwu B&T Crafts & Arts Co., Ltd., Yiwu Bay Import And Export Co., Ltd., Yiwu Changqing Toys Co., Ltd., Yiwu Chu Tai Art & Crafts Co., Ltd., Yiwu City JO Toys Co., Ltd., Yiwu Hecheng Import & Export Co., Ltd., Yiwu Huaguduo Toys Co., Ltd., Yiwu Jiandu Crafts Co., Ltd., Yiwu Ladsoul Garment Accessory Co., Ltd., Yiwu Lintai Import & Export Co., Ltd., Yiwu Party Union Imp & Exp Co., Ltd., Yiwu Power Import & Export Co., Ltd., Yiwu Qida Household Items Factory, Yiwu Quanfa Import & Export Company Limited, Yiwu Shincoo Art & Crafts Co., Ltd., YUGUO baby Store, Yuyao Xueyou Teaching Equipment Co., Ltd., Zela Storem, Zhangping TK Toys And Gifts Co., Ltd. and Zhejiang Lisheng Spring Co., Ltd. | |
|---|---|---|
| **Orel Defendants** | A.S. Plastic Toys Co., Ltd., Amy & Benton Toys And Gifts Co., Ltd., Believe-Fly Trading (Toys) Co., Ltd. Shantou, GREAT INTERNATIONAL TOYS LIMITED, Guangdong Hershey Spring Industrial Co., Ltd., Hengjun Plastic Toys Manufactory, Longyan Lang Ling Heng Chuang Trading Co., Ltd., Ningbo ZhenRong International Trading Co., Ltd. (JUST IN), Shantou Chenghai Haoda Toys Co., Ltd., Shantou Chenghai Hengya Toys Co., Ltd., Shantou Chenghai Kaishenglong Toys Factory, Shantou Chenghai Pengcheng Toy Ind. Co., Ltd., Shantou Chenghai Sweet Baby Toys Firm, Shantou Chenghai Yuansheng Toys Industry Co., Ltd., Shantou Chenghai Yueqi Toys Firm, Shantou City Chenghai Xinbooming Toys Factory, Shantou H&C Toys & Crafs Manufactory, Shantou Jinyu Trading Co., Ltd., Shantou Kunyang Trading Co., Ltd., Shantou Longhu XuChang Toys Firm, Shantou | N/A |

|  | Lucky Toys & Gift Firm, Shantou Mingtong Toys Industrial Co., Ltd., Shantou South Toys Factory, Shantou Tianyi Toys Industrial Co., Ltd., Shaoxing Jinlangte Sports Goods Co., Ltd., Shenzhen Gift Joint Promo Co., Ltd., Shenzhen X-World Technology Co., Ltd., Wenling Bestone Commodity Factory, Yiwu B&T Crafts & Arts Co., Ltd., Yiwu Power Import & Export Co., Ltd., Yiwu Qida Household Items Factory, Zhangping TK Toys And Gifts Co., Ltd., hhsmile Store, and nbjustin Store |  |
|---|---|---|
| **Alibaba** | Alibaba.com, an online marketplace platform that allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York | N/A |
| **AliExpress** | Aliexpress.com, an online marketplace platform that allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York | N/A |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff | N/A |
| **NAL** | New Alchemy Limited, a company that provides intellectual property infringement research services, to investigate and research manufacturers, wholesalers, retailers and/or other merchants offering for sale and/or selling counterfeit products on online marketplace platforms | N/A |
| **New York Addresses** | 244 Madison Ave., Suite 411, New York, New York 10016;<br>944 Havemeyer Ave., Bronx, New York, 10473;<br>20 Cooper Sq., New York, New York 10003;<br>69 W 9th St., New York, New York, 10011;<br>253 Broadway, New York, New York, 10007;<br>40 E 7th St., New York, New York, 10003 | N/A |
| **Complaint** | Plaintiff's Complaint filed on October 10, 2019 | 5 |
| **Application** | Plaintiff's *Ex Parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an | 10-15 |

| | order authorizing expedited discovery filed on October 10, 2019 | |
|---|---|---|
| **Conway Dec.** | Declaration of Laurie Conway in Support of Plaintiff's Application | 13 |
| **Arnaiz Dec.** | Declaration of Jessica Arnaiz in Support of Plaintiff's Application | 12 |
| **Scully Dec.** | Declaration of Brieanne Scully in Support of Plaintiff's Application | 14 |
| **Slinky Marks** | U.S. Trademark Registration Nos: 5,286,991 for "" for a variety of goods in Class 28;  2,402,881 for "" for a variety of goods in Class 28; and 1,455,493 for "SLINKY" for a variety of goods in Class 28 | N/A |
| **Slinky Products** | A precompressed helical spring toy that can perform a number of tricks, which come in a variety of sizes colors and materials that can light up and make noise | N/A |
| **Counterfeit Products** | Products bearing or used in connection with the Slinky Marks, and/or products in packaging and/or containing labels and/or hang tags bearing the Slinky Marks, and/or bearing or used in connection with marks that are confusingly similar to the Slinky Marks and/or products that are identical or confusingly similar to the Slinky Products | N/A |
| **Infringing Listings** | Defendants' listings for Counterfeit Products | N/A |
| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as Alibaba and/or AliExpress, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or | N/A |

| | participation with any of them | |
|---|---|---|
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) | N/A |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) | N/A |
| **Financial Institutions** | Any banks, financial institutions, credit card companies and payment processing agencies, such as PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), the Alibaba Group d/b/a Alibaba.com payment services (e.g., Alipay.com Co., Ltd., Ant Financial Services Group), PingPong Global Solutions, Inc. ("PingPong") and other companies or agencies that engage in the processing or transfer of money and/or real or personal property of Defendants | N/A |
| **Third Party Service Providers** | Online platforms, including, without limitation, those owned and operated, directly or indirectly by Alibaba and/or AliExpress, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise | N/A |

Plaintiff-Counterclaim Defendant through its undersigned counsel, hereby respectfully submits this Memorandum of Law in support of its Motion to Dismiss ("MTD") the Orel Defendants' Counterclaims (the "Counterclaims") contained in their Answer (the "Answer") (Dkt. 60), with prejudice, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## I.   PRELIMINARY STATEMENT

Despite appearing in this action back in 2019 and being given ample extensions and opportunities by both Plaintiff's counsel and the Court, it was not until Plaintiff filed a default judgment motion against his clients that Sergei Orel, Esq. filed an Answer and various counterclaims against the Plaintiff.  The Counterclaims include meritless tortious interference claims and a request for declaratory relief based upon a baseless claim that the Slinky Marks are "generic".  For the reasons stated herein, namely that the Orel Defendants fail to state a claim upon which relief can be granted, the Court should dismiss the Orel Defendants' Counterclaims in their entirety with prejudice.

## II.   STATEMENT OF RELEVANT FACTS

Slinky is a precompressed helical spring toy that can perform a number of tricks. Slinky originated in the 1940's when the inventor watched a spring fall off a desk. It's a quintessential childhood toy and an icon of classic fun, which continues to celebrate a tradition of timeless entertainment with Slinky's of difference sizes, colors and materials that light up and make noise. Plaintiff sells its Slinky Products through the Alex Toys, LLC website at https://www.alexbrands.com/ and through major retailers and online marketplaces, including, but not limited to Target and Amazon.  Plaintiff is the owner of the Slinky Marks which are currently in use in commerce in connection with the Slinky Products.

The Orel Defendants are sellers on the Alibaba and AliExpress online marketplace

1

platforms. Through their Merchant Storefronts, the Orel Defendants offer for sale and/or sell consumer products, including Counterfeit Products, and target and ship such products to customers located in the U.S., including New York, and throughout the world.  During its investigation, NAL identified the Orel Defendants, among other Defendants, as offering for sale and/or selling Counterfeit Products and specified a shipping address located at one of the New York Addresses and verified that each Defendant, including the Orel Defendants, provides shipping to one of the New York Addresses. Printouts of the checkout pages for the Counterfeit Products and pages from Defendants' Merchant Storefronts reflecting that the Defendants ship the Counterfeit Products to the New York Address are included in Exhibit C to the Complaint.

### III.   ARGUMENT

**A. THE OREL DEFENDANTS' INABILITY TO ADEQUATELY ALLEGE THE COUNTERCLAIMS MANDATES DISMISSAL OF THOSE CLAIMS WITH PREJUDICE**

#### 1.  Standard on Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure requires dismissal of a party's claims where a claimant fails to state a claim upon which relief can be granted.  *See* Fed. R. Civ. P. 12(b)(6).  In ruling on a motion to dismiss, the Court must take all material factual allegations of the complaint as true and construe them in the light most favorable to the non-moving party. However, the complaint must contain factual allegations, "plausibly suggesting (not merely consistent with)" a right to relief. *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1969 (2007); *Iqbal v. Hasty*, 490 F.3d 143, 157-158 (2d Cir. 2007) (recognizing and applying Twombly's "plausibility standard"). To survive a motion to dismiss, a complaint must do more than recite the elements of a cause of action in conclusory statements; it must contain sufficient factual allegations to "state a claim to relief that is plausible on its face." *Twombly*, 127 S.Ct. 1955. "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to insulate

a claim against dismissal. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). It is respectfully submitted that the Orel Defendants have failed to allege, and indeed cannot allege, facts plausibly suggesting a right to relief with respect to its tortious interference claims, unlawful taking of property claim or its request for declaratory judgment of invalidity of Plaintiff's trademarks.[1]

### 2. The Orel Defendants Fail to Allege a Claim for Tortious Interference With Defendants' Contractual Relationships (Fourth Counterclaim)

The elements of a claim for tortious interference with a contractual relationship are "(1) the plaintiff had business relations with a third party; (2) the defendant interfered with those business relations; (3) the defendant acted for a wrongful purpose or used dishonest, unfair, or improper means; and (4) the defendant's acts injured the relationship." *Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 547 F.3d 115, 132 (2d Cir. 2008) (citation omitted).  Under New York law, a plaintiff must plead the intent to induce a breach of contract without economic justification. *See Levine v. Yokell*, 685 N.Y.S.2d 196 (App. Div. 1st Dept 1999) (affirming dismissal of tortious interference claim where pleading failed to allege that defendant acted without economic justification). "Where the defendants have an economic interest in the contract between a plaintiff and a third party…liability will be imposed only where plaintiff can make a showing of malice on the one hand or fraudulent or illegal means on the other." *MDC Corp., Inc. v. John H. Harland Co.*, 228 F.Supp.2d 387, 397 (S.D.N.Y. 2002) (internal citations omitted); *see also Foster v. Churchill*, 87 N.Y.2d 744, 749-50 (1996) ("Economic interest is a defense to an action for tortious interference with contract unless there is a showing of malice or illegality.").

The facts underlying this Counterclaim are insufficient to meet the Orel Defendants'

---

[1] Instead of effectively alleging facts to support the Counterclaims, Mr. Orel used most of the statement of facts section to repeat his deficient personal jurisdiction argument.  (*See* Answer pp. 9-11.)  Plaintiff will not be addressing any of this as the Court has already ruled on this issue and denied the Orel Defendants' Motion to Dismiss for lack of personal jurisdiction. (Dkts. 20, 47.)

burden.  The fundamental basis of a claim for tortious interference with a contractual relationship

is the actual breach of a contract in the first instance.  *See Kirch v. Liberty Media Corp.*, 449 F.3d

388, 401-402 (2d Cir. 2006).  The Orel Defendants never allege that they have a contract with

Alibaba, AliExpress and/or customers.  Reference is only made to a "contractual relationship":

> Plaintiff by its actions resulting from the filing of the subject complaint caused
> Alibaba and AliExpress to shut down Defendants' online stores with Alibaba and
> AliExpress, where Defendants' accounts with the said online platforms, including
> the accounts that contained Defendants' moneys, have been frozen, thus resulting
> in Defendants' loss of property, such as Defendants' moneys, depriving
> Defendants' of their ability to continue trading on Alibaba and AliExpress,
> including trading in goods unrelated to Plaintiff.  Such Plaintiff's actions constitute
> tortious interference with prospective economic advantage of the Defendants, and
> such Plaintiff's actions constitute Plaintiff's tortious interference with Defendants'
> *contractual relationship* with Alibaba, AliExpress, and Defendants' customers.

(emphasis added) (*See* Answer, p. 10, ¶¶7-8.)  Assuming that this statement is sufficient to allege

the existence of a contract between the Orel Defendants and Alibaba, AliExpress and/or customers,

the Orel Defendants simply have not alleged that Plaintiff has interfered with that contractual

relationship.[2]  In fact, the alleged conduct which forms the basis of the Orel Defendants' tortious

interference claim is Plaintiff's filing of the Complaint.  *Id.* at ¶ 7.  It is clear that Plaintiff's alleged

conduct – filing a trademark counterfeiting and infringement action – was motivated by Plaintiff's

legitimate economic self-interest and desire to protect its federally registered trademarks from

unauthorized and counterfeit use by sellers on the Alibaba and AliExpress platforms.  Plaintiff did

not "act[] for a wrongful purpose or use[] dishonest, unfair, or improper means" as required to

establish a claim for tortious interference with a contractual relationship.  *See Catskill Dev., L.L.C.*,

547 F.3d at 132.

In a similar matter, *P. Kaufmann, Inc. v. Americraft Fabrics, Inc.*, 232 F.Supp. 2d 220, 225

---

[2] As of the date of this MTD and contrary to Mr. Orel's assertions, two storefronts remain open and active on the
Alibaba platform: Shantou City Chenghai Xinbooming Toys Factory and Shantou Chenghai Kaishenglong Toys
Factory.

(S.D.N.Y. 2002), plaintiff fabric designer brought an action against its competitor for copyright infringement, injury to business reputation and unfair competition. Defendant competitor countersued for tortious interference with contracts and with economic relations, and deceptive trade practices, based on the plaintiff's letters to third parties informing them that the fabric supplied by defendant potentially infringed on plaintiff's copyright. The Court held that "[s]eeking to protect a copyright by alerting a third party that the copyright is being infringed constitutes a justification defense to [a] claim [of tortious interference with contract]." *Id.* at 225, citing *Shapiro & Son Bedspread Corp. v. Royal Mills Assocs.*, 764 F.2d 69, 75 (2d Cir. 1985) (rejecting argument that notification to customers of alleged infringement was unlawful interference with business because "[plaintiff's] actions were not improper, since if in fact Shapiro has a valid copyright in the…design, as may prove to be the case, sellers of infringing works may indeed be subject to certain sanctions.").

Just as in *P. Kaufmann, Inc.*, Plaintiff was economically justified in seeking to protect its Slinky Marks by filing this lawsuit and seeking injunctive relief.  The Orel Defendants have wholly failed to allege, and indeed cannot allege, that Plaintiff interfered with their business relations or that Plaintiff acted for a wrongful purpose.  *See Catskill Dev., L.L.C.*, 547 F.3d at 132.

### 3.  The Orel Defendants Fail to Allege a Claim for Tortious Interference With Prospective Economic Advantage of Defendants (Third Counterclaim)

A claim of tortious interference with prospective economic advantage requires a showing of "interference with business relations existing between the [claimant] and a third party, either with the sole purpose of harming the [claimant] or by means that are dishonest, unfair or in any other way improper." *PPX Enters. v. Audiofidelity Enters.*, 818 F.2d 266, 269 (2d Cir. 1987) (citation omitted). A claim for tortious interference with prospective economic advantage requires the pleader to allege the additional element of criminal or independently tortious conduct. *Carvel*

5

*Corp. v. Noonan*, 3 N.Y.3d 182, 190 (2004) ("[A]s a general rule, the defendant's conduct must amount to a crime or an independent tort.") For a claim of tortious interference with prospective economic advantage, "[t]he level of interference necessary to support a finding of tortious interference with prospective contractual relations or with contracts terminable at will is significantly higher than the level of interference necessary to support a finding of interference with an existing contract." *MDC Corp., Inc. v. John H. Harland Co.*, 228 F.Supp.2d 387, 399 (S.D.N.Y. 2002). Given that the Orel Defendants cannot meet the lower standards applied to an interference with a contractual relationship claim above, it is evident that the Orel Defendants cannot meet the higher standards required for an interference with a prospective business relationship claim either.

### 4.  The Orel Defendants Fail to Allege a Claim for Unlawful Taking of Defendants' Property (Second Counterclaim)

A plaintiff stating a claim for conversion must establish "legal ownership of a specific identifiable piece of property and defendants' exercise of dominion over or interference with the property in defiance of plaintiffs' rights." *Gilman v. Abagnale*, 653 N.Y.S.2d 176, 177 (App. Div. 3rd Dept. 1997), quoting *Ahles v. Aztec Enters., Inc.*, 502 N.Y.S.2d 821, 822 (App. Div. 3rd Dept. 1986). However, under New York law, a claim for conversion must be for tangible property, as a claim for intangible property is not actionable. *See Rao v. Verde*, 635 N.Y.S.2d 660, 661 (App. Div. 2nd Dept. 1995); *MBF Clearing Corp. v. Shine*, 623 N.Y.S.2d 204, 206 (App. Div. 1st Dept. 1995).

Here, the Orel Defendants allege that the acts of Plaintiff constitute an unlawful taking of the Orel Defendants' property such as the Orel Defendants' moneys, depriving the Orel Defendants of their ability to continue trading on Alibaba and AliExpress. (*See* Answer, p. 12, ¶ 5.) At the outset, the Merchant Storefront shutdown and the Orel Defendants' inability to continue

selling products through these Merchant Storefronts, is not a tangible property and therefore is not actionable. With regard to the Orel Defendants' assets, Plaintiff rightfully requested an asset restraint, showing a high likelihood of success on the merits on all its claims and an entitlement to an equitable accounting of Defendants' profits from their sales of Counterfeit Products.  With respect to claims involving infringement under the Lanham Act, it has been established in this Circuit, as well as sister circuits, that district courts have the authority to issue a prejudgment asset restraint injunction in favor of plaintiffs seeking an accounting and/or another equitable remedy against allegedly infringing defendants. *See Gucci Am. v. Bank of China*, 768 F.3d 122, 131-132 (2d Cir. 2014).  The Orel Defendants had every opportunity to oppose the injunctive relief ordered by this Court, but failed to do so.  The Orel Defendants have not proved that the TRO or PI Order were wrongly entered against them.  Fed. R. Civ. P. 65(c) indicates that "a party subjected to a preliminary injunction in district court who is later found to have been 'wrongfully enjoined' may recover against the security bond damages suffered as a result of the injunction." *Blumenthal v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 910 F.2d 1049, 1051 (2d Cir. 1990).  An inquiry as to whether a party has been "wrongfully enjoined" requires the Court to consider whether "in hindsight, in light of the ultimate decision on the merits after a full hearing, the injunction should not have issued in the first instance." *Id.* at 1054.  There cannot be an "unlawful" restraint of the Orel Defendants' assets if Plaintiff made the requisite showing and the Court granted the asset restraining order in both the TRO and PI Order.  Therefore, this counterclaim must be dismissed.

### 5.   The Orel Defendants Fail to Allege a Claim for Declaratory Judgment Finding Plaintiff's Slinky Marks are Invalid (First Counterclaim)

When a trademark has been registered, it is presumed not to be generic. *FragranceNet.com, Inc. v. Les Parfums, Inc.*, 672 F. Supp. 2d 328, 333 (E.D.N.Y. 2009) (citing *Reese Publ'g Co. v. Hampton Int'l Commc 'ns, Inc.*, 620 F.2d 7, 11 (2d Cir. 1980)).  Thus, it is

subject to the presumption of validity. *Id.* at 333.   Here, the U.S. Trademark Registration certificates for the Slinky Marks provide *prima facie* evidence of the validity of the Slinky Marks, and therefore they are presumed not to be generic.  *See* Complaint, Ex. B; *see also* 15 U.S.C. § 1057(b).  The Slinky Marks are incontestable and are not reasonably subject to challenge.  *See* 15 U.S.C. § 1115(b) (providing that when a mark attains incontestable status, "the registration shall be conclusive evidence of the validity of the registered mark and of the registration of the mark, of the registrant's ownership of the mark, and of the registrant's exclusive right to use the registered mark in commerce"); *see also Park 'n Fly v. Dollar Park & Fly,* 469 U.S. 189 (1985) ("Incontestable status provides, subject to the provisions of § 15 and § 33(b) of the Lanham Act, 'conclusive evidence of the registrant's exclusive right to use the registered mark…"). Accordingly, it is irrefutable that Plaintiff has valid and exclusive rights in and to the Slinky Marks.

The burden of challenging a registered trademark is imposed on one who claims that a once valid trademark has lost protection by reason of its transformation into a generic term. *See Defiance Button Machine Co. v. C & C Metal Products Corp.*, 759 F.2d 1053, 1061 (2d Cir. 1985), *cert. denied*, 474 U.S. 844, 106 S. Ct. 131, 88 L. Ed. 2d 108 (1985); *DuPont Cellophane Co., Inc. v. Waxed Products Co., Inc.*, 6 F. Supp. 859, 881 (E.D.N.Y. 1934) (the court having found that "plaintiff has established a genuine trade-mark, therefore the defendant cannot pass the burden to the plaintiff; but defendant having interposed the defense of abandonment, it must prove it."), *modified,* 85 F.2d 75 (2d Cir.), *cert. denied*, 299 U.S. 601, 57 S. Ct. 194, 81 L. Ed. 443 (1936). Here the Orel Defendants bear the burden of overcoming the presumption of validity. *FragranceNet.com, Inc.*, 672 F. Supp. 2d at 333.  The presumption of validity may be overcome by a showing that, in the minds of the public, the primary significance of the mark is "as an indication of the nature or class of an article, rather than an indication of its origin." *Id.* at 333-34.

8

(citing *King-Seeley Thermos Co. v. Aladdin Indus., Inc.*, 321 F.2d 577, 580 (2d Cir. 1963)) (internal quotations omitted).

> In making this determination regarding a mark's understanding in the consuming public, the Second Circuit has articulated a non-exhaustive list of competent sources that can be considered, including consumer surveys, testimony of consumers or trade professional, dictionary definitions, uncontested usage of the mark by competitors to describe their products, generic usage in newspaper and magazine articles, and generic usage by the proponent of the trademark.

*Id.* at 333 (internal citations omitted).  The Orel Defendants offer no evidence in support of their request for declaratory judgment to demonstrate that consumers consider the Slinky Marks to be generic marks that refer to a class of products.  As the Orel Defendants have not met this burden, this counterclaim should be dismissed.

## B.  THE STATUS OF THE OREL DEFENDANTS' REPRESENTATION

The Orel Defendants are corporations, and it is settled law that under 28 U.S.C. § 1654, a corporation can only appear in Federal Court through a licensed attorney. *See Eagle Assoc. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991).  A lawyer who enters an appearance on behalf of the Orel Defendants must either be a member of the Southern District bar, which Mr. Orel is not, or be admitted *pro hac vice,* which Mr. Orel is not.  *See Gianni Versace, S.p.A. v. Versace,* No. 01 Civ 9645 (PKL) (THK), 2003 U.S. Dist. LEXIS 14858, at * 52, n. 27 (S.D.N.Y. Aug. 27, 2003).  Currently, no attorney has properly entered an appearance on behalf of the Orel Defendants. Plaintiff respectfully requests the Court order Mr. Orel's immediate compliance and fulfillment of all the requirements of Local Civil Rule 1.3(c) to obtain admission *pro hac vice*.

## IV.    CONCLUSION

For all of the foregoing reasons, Plaintiff-Counterclaim Defendant respectfully requests that the Orel Defendants' Counterclaims be dismissed in their entirety with prejudice, and that it

may be granted such other and further relief as the Court deems just, proper and equitable.

Dated: April 8, 2021                          Respectfully submitted,


                                              EPSTEIN DRANGEL LLP


                                              BY: s/ Brieanne Scully_____
                                              Brieanne Scully (BS 3711)
                                              bscully@ipcounselors.com
                                              Jason M. Drangel (JD 7204)
                                              jdrangel@ipcounselors.com
                                              Ashly E. Sands (AS 7715)
                                              asands@ipcounselors.com
                                              Danielle S. Yamali (DY 4228)
                                              dfutterman@ipcounselors.com
                                              60 East 42nd Street, Suite 2520
                                              New York, NY 10165
                                              Telephone:      (212) 292-5390
                                              Facsimile:      (212) 292-5391
                                              *Attorneys for Plaintiff-Counterclaim Defendant,*
                                              *POOF-Slinky, LLC*