# SERGEI OREL, LLC

Attorneys at Law
2125 Center Avenue, Suite 608
Fort Lee, New Jersey 07024

Tel: 201-491-1464
Fax: 201-604-6775
sorel@sergei-orel.com

June 1, 2021

<u>VIA ECF ONLY</u>

Hon. Edgardo Ramos, U.S.D.J.
Thurgood Marshall United States Courthouse
Courtroom 619
40 Foley Square
New York, NY 10007

    RE:        POOF-SLINKY, LLC v. A.S. PLASTIC TOYS CO., LTD., et al.
    Civil Action No.:    19-cv-9399

Dear Your Honor,

This office represents the following defendants in the above matter:

  A.S. Plastic Toys Co., Ltd.

  Amy & Benton Toys & Gifts Co., Ltd.

  Believe-fly Trading (Toys) Co., Ltd. (Shantou)

  Guangdong Hershey Spring Industrial Co. Ltd.

  Hhsmile

  Longyan Lang Ling Heng Chuang Trading Ltd.

  Nbjustin

  Ningbo Zhenrong Intn'l Trading Co., Ltd.

Shantou Chenghai Haoda Toys Co., Ltd.

Shantou Chenghai Hengya Toys Co., Ltd.

Shantou Chenghai Pengcheng Toy Ind. Co., Ltd.

Shantou Chenghai Sweet Baby Toys Firm

Shantou Chenghai Yuansheng Toys Industry Co., Ltd.

Shantou Chenghai Yueqi Toys Firm

Shantou City Chenghai Xinbooming Toys Factory

Shantou H&C Toys & Crafs Manufactory

Shantou Kunyang Trading Co., Ltd.

Shantou Longhu XuChang Toys Firm

Shantou Lucky Toys & Gift Firm

Shantou Mingtong Toys Industrial Co., Ltd.

Shantou South Toys Factory

Shantou Tianyi Toys Industrial Co., Ltd.

Hengjun Plastic Toys Manufactory Shaoxing Jinlangte Sports Goods Co., Ltd.

Shenzhen X-World Technology Co., Ltd.

Shenzhen Gift Joint Promo Co., Ltd.

Wenling Bestone Commodity Factory

Yiwu B&T Crafts & Arts Co., Ltd.

Yiwu Power Import & Export Co., Ltd.

    Yiwu Qida Household Items Factory

    Zhangping TK Toys And Gifts Co., Ltd.

    Shantou Chenghai Kaishenglong Toys Factory

    Shantou Jinyu Trading Co., Ltd., and

    Great International Toys Ltd.

Plaintiff's counsel has filed a pre-motion letter with the court on May 25, 2021, quite unreasonably seeking attorneys fees for the work that Plaintiff's counsel has done on her own initiative, or on the initiative of her client, and which was not in any way caused by the above-listed 34 defendants.  Plaintiff has filed a motion to dismiss defendants' counterclaims on its own initiative, and which were not caused by any omission by the 34 defendants, which Plaintiff has a right to do.

Plaintiff's counsel is being absolutely incorrect when she alleges that somehow the undersigned failed to defend this action - that could not be farther from the truth. An Answer to Plaintiff's complaint and Counterclaim were filed in this case by and on behalf of the 34 defendants [Dkt. No. 60].  The undersigned opposed Plaintiff's Motion for Default Judgment [Dkt. No. 61].  Thus, clearly, this court action has been defended on behalf of the above 34 Defendants.  Plaintiff's counsel's allegation that because her motion to strike the Counterclaim has not been objected to by and on behalf of the Defendants, she somehow deserves attorneys fees for the motion is incorrect and should not be considered by the Court.

The 34 defendants, which are all located in the People's Republic of China, not in the USA, consider Plaintiff's complaint in this action, and this action itself, to be frivolous and designed to harass the defendants in question. As a result of Plaintiff's present frivolous court action, the 34 defendants have had their Alibaba accounts, and more importantly, moneys in those accounts, frozen for over 1.5 years, without giving any possibility of recourse to the defendants, and without giving a possibility to unfreeze the accounts with Alibaba, which accounts contain defendants' funds unrelated to any Slinky-related allegations by the Plaintiff. Thus, Plaintiff's complaint has cause a great economic injury to all 34 defendants.

A strategic decision has been made by the defendants to not waste further attorneys fees in opposing Plaintiff's Motion to Strike Defendants' Counterclaim. Plaintiff's attorney may not seek attorneys fees for its own motion, i.e., the motion it chose to file voluntarily, in a court action it itself brought against the 34 defendants on its own initiative, and such requests for attorneys fees by Plaintiff's counsel are both unreasonable and unfair to the Defendants, and such requests for attorneys fees by the Plaintiff must be denied by this Court.

With respect to Plaintiff's allegations concerning that supposedly the 34 Defendants have not complied with discovery requests, the Plaintiff's counsel is again incorrect. On more than one occasion, namely, on September 1, 2020, by emai, i.e., even before Plaintiff served its discovery requests, the undersigned served on the Plaintiff's counsel a table that contained information on each of the 34 defendants' Alibaba accounts/ storefronts which contained detailed information with respect to trap purchase orders that Plaintiff's investigators placed with the defendants and other relevant information.

On September 21, 2020, the undersigned informed Plaintiff's counsel that the information provided previously on September 1, 2020 by the defendants in the table was all of the discovery that they had in response to Plaintiff's discovery demands.

The undersigned explained to the Court previously during the telephonic appearance before this Honorable Court on March 25, 2021 that it was hard for the undersigned to obtain more discovery information from the defendants because they are located in China and because they did not have additional information to provide other than what already was provided, but that the undersigned was going to make efforts to have the defendants come up with more discovery documents and information.

The undersigned's request on May 24, 2021 for a further extension of time to allow Defendants to gather more information was entirely reasonable, which Plaintiff's counsel unreasonably now rejects in her May 25, 2021 letter.

It is respectfully requested that this Honorable Court kindly grants a further, at least a 30 day extension from May 25, 2021 to June 25, 2021 (which is a mere 3 weeks away, so Plaintiff won't be prejudiced) to have defendants finish collecting whatever information they may gather, so that the undersigned could send proper formal replies to discovery demands to Plaintiff.

It is not the Defendants who are delaying this case, it is the Plaintiff. The Defendants several times have offered to the Plaintiff reasonable settlement terms, which the avaricious and unreasonable Plaintiff has declined every time.

It is the belief of the undersigned that this case could benefit from a settlement conference before Your Honor. The 34 Defendants several times offered more than reasonable monetary settlement terms to the Plaintiff, which the Plaintiff not only rejected, but the last time the Defendants proposed yet another settlement to the Plaintiff, the latter in response not only rejected the reasonable terms, but in response came back with an even more inflated, a higher number, which the Defendants cannot afford by any means.

Therefore, it is respectfully requested that Your Honor kindly schedule this matter for a Settlement Conference and that Your Honor kindly mediate this matter in an effort to bring the Plaintiff and the 34 Defendants to settlement on terms more reasonable than those counter-proposed by the Plaintiffs.

Many thanks for your courtesies.

Best regards,



Sergei Orel

## CERTIFICATION OF SERVICE

     I certify that on this 1st day of June, 2021, the foregoing was delivered by ECF to, and I have mailed a copy of this pleading, via email to bscully@ipcounselors.com to:

Brieanne Scully, Esq., Epstein Drangel LLP, 60 East 42nd Street, Suite 2520, New York, NY 10165

Dated: June 1, 2021            _____/Sergei Orel/_____
                                       Sergei Orel, Esq.